**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **Sable Networks, Inc. and Sable IP, LLC,** **Plaintiffs,** v. **Cloudflare, Inc.,** **Defendant.** | **Civil Action No. 6:21-cv-00261-ADA** **JURY TRIAL DEMANDED** |

## DEFENDANT CLOUDFLARE, INC.'S ANSWER AND COUNTERCLAIMS

Defendant Cloudflare, Inc. ("Cloudflare") files this Answer and Counterclaims to Plaintiffs Sable Networks, Inc. and Sable IP, LLC's (collectively, "Sable") Complaint for Patent Infringement filed on March 15, 2021 (the "Complaint") (ECF No. 1). All allegations in the Complaint not expressly admitted or specifically responded to by Cloudflare are denied.

### ANSWER

#### COMPLAINT FOR PATENT INFRINGEMENT

Cloudflare denies that it infringes U.S. Patent Nos. 6,954,431 (the "'431 patent"), 6,977,932 (the "'932 patent"), 7,012,919 (the "'919 patent"), and 8,243,593 (the "'593 patent") (collectively, the "patents-in-suit").

#### INTRODUCTION

1.      Cloudflare is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies the allegations.

2.      Cloudflare is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 2 and, therefore, denies the allegations.

3.      Cloudflare is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies the allegations.

4.      Cloudflare is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, denies the allegations.

5.      Cloudflare is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies the allegations.

6.      Cloudflare is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies the allegations.

7.      Cloudflare is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies the allegations.

8.      Cloudflare is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies the allegations.

9.      Cloudflare is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies the allegations.

10.     Responding to Paragraph 10, Cloudflare denies that it uses any of the alleged inventions claimed in Sable's patent portfolio, denies that any alleged technology was "groundbreaking," and denies that Sable is entitled to reasonable royalties related to any conduct by Cloudflare. Cloudflare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and, therefore, denies the allegations.

### SABLE'S PATENT PORTFOLIO

11.     Cloudflare is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, denies the allegations.

12.     Cloudflare is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies the allegations.

**THE PARTIES**

**SABLE NETWORKS, INC.**

13.     Cloudflare is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies the allegations.

14.     Cloudflare is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies the allegations.

15.     Cloudflare is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies the allegations.

**SABLE IP, LLC**

16.     Cloudflare is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies the allegations.

**CLOUDFLARE, INC.**

17.     Responding to Paragraph 17, Cloudflare admits that Cloudflare is a Delaware corporation with its principal place of business at 101 Townsend Street, San Francisco, California 94107, that it may be served with process through its registered agent Registered Agent Solutions, Inc., 1701 Directors Blvd., Suite 300, Austin, Texas 78744, and that it is registered to do business in the State of Texas and has been since at least August 9, 2019.

18.     Responding to Paragraph 18, Cloudflare admits that it has an office in the Western District of Texas at 106 E. 6th Street, Suite 350, Austin, Texas 78701.

**JURISDICTION AND VENUE**

19.     Responding to Paragraph 19, Cloudflare admits that the Complaint purports to

3

bring an action under the patent laws of the United States, Title 35 of the United States Code, but denies that Sable is entitled to any relief. Cloudflare admits that federal courts (such as this Court) have exclusive subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

20.    Responding to Paragraph 20, Cloudflare states that it does not contest personal jurisdiction in the instant lawsuit only. Cloudflare admits that it is registered to do business in the State of Texas and has an office in Texas. Cloudflare otherwise denies the allegations in Paragraph 20. Cloudflare denies that the Western District of Texas, Waco Division, is a convenient venue.

21.    Responding to Paragraph 21, Cloudflare admits it does not contest venue in the instant lawsuit only. Cloudflare further admits that it is registered to do business in the State of Texas, has an office in Texas, and has transacted business within the Western District of Texas. Cloudflare denies that it has committed acts of direct and indirect infringement in the Western District of Texas.

22.    Responding to Paragraph 22, Cloudflare admits that it has a place of business in the Western District of Texas and an office at 106 E. 6th Street, Suite 350, Austin, Texas 78701, which is located within the Western District of Texas. Cloudflare admits that it has employees who reside in the Western District of Texas, including in Austin, Texas. Cloudflare denies that it has committed any act of infringement.

23.    Responding to Paragraph 23, Cloudflare states that it does not contest personal jurisdiction in the instant lawsuit only. Cloudflare admits that it has conducted business within the State of Texas. Cloudflare admits that it has some interactions with Cloudflare customers in Texas. Cloudflare otherwise denies the allegations in Paragraph 23.

24.    Responding to Paragraph 24, Cloudflare states that it does not contest personal jurisdiction in the instant lawsuit only. The allegations in Paragraph 24 are legal conclusions to which

no response is required.

THE ASSERTED PATENTS

**U.S. PATENT NO. 6,954,431**

25.     Responding to Paragraph 25, Cloudflare admits that the face of the '431 patent states that it is titled "Micro-Flow Management." Cloudflare admits that the face of the '431 patent bears a filing date of December 6, 2001. Cloudflare admits that the face of the '431 patent states that, subject to any disclaimer, the term of the patent is extended under 35 U.S.C. § 154(b) by 722 days. Cloudflare admits that what purports to be a true and correct copy of the '431 patent appears to be attached to the Complaint as Exhibit A. Cloudflare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and, therefore, denies them.

26.     Cloudflare denies the allegations in Paragraph 26.

27.     Cloudflare denies the allegations in Paragraph 27.

28.     Cloudflare denies the allegations in Paragraph 28.

29.     Cloudflare denies the allegations in Paragraph 29.

30.     Cloudflare denies the allegations in Paragraph 30.

31.     Responding to Paragraph 31, Cloudflare admits that the '431 patent includes claims that recite in the preamble the language "a method for managing data traffic through a network" and further recite, inter alia, the language "determining a capacity of a buffer containing a micro-flow based on a characteristic." Otherwise, Cloudflare denies the allegations in Paragraph 31.

32.     Responding to Paragraph 32, Cloudflare admits that the '431 patent includes claims that recite in the preamble the language "a method for managing data traffic through a network" and further recite, inter alia, the language "assigning an acceptable threshold value for the capacity

5

of the buffer over a predetermined period of time." Otherwise, Cloudflare denies the allegations in Paragraph 32.

33.      Responding to Paragraph 33, Cloudflare admits that the '431 patent includes claims that recite in the preamble the language "a method for managing data traffic through a network" and further recite, inter alia, the language "delegating a portion of available bandwidth in the network to the microflow." Otherwise, Cloudflare denies the allegations in Paragraph 33.

34.      Responding to Paragraph 34, Cloudflare admits that the '431 patent includes claims that recite in the preamble the language "a method for managing data traffic through a network" and further recite, inter alia, the language "using the buffer for damping jitter associated with the microflow." Otherwise, Cloudflare denies the allegations in Paragraph 34.

35.      Cloudflare is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, therefore, denies the allegations.

**U.S. PATENT NO. 6,977,932**

36.      Responding to Paragraph 36, Cloudflare admits that the face of the '932 patent states that it is titled "System and Method for Network Tunneling Utilizing Micro-Flow State Information." Cloudflare admits that the face of the '932 patent bears a filing date of January 16, 2002. Cloudflare admits that the face of the '932 patent states that, subject to any disclaimer, the term of the patent is extended under 35 U.S.C. § 154(b) by 815 days. Cloudflare admits that what purports to be a true and correct copy of the '932 patent appears to be attached to the Complaint as Exhibit B. Cloudflare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 and, therefore, denies them.

37.      Cloudflare denies the allegations in Paragraph 37.

38.      Cloudflare denies the allegations in Paragraph 38.

39.     Cloudflare denies the allegations in Paragraph 39.

40.     Cloudflare denies the allegations in Paragraph 40.

41.     Cloudflare denies the allegations in Paragraph 41.

42.     Cloudflare denies the allegations in Paragraph 42.

43.     Responding to Paragraph 43, Cloudflare admits that the '932 patent includes claims that recite in the preamble the language "[a] router capable of network tunneling utilizing flow state information" and further recite, inter alia, the language "an aggregate flow block having tunnel specific information for a particular network tunnel." Otherwise, Cloudflare denies the allegations in Paragraph 43.

44.     Responding to Paragraph 44, Cloudflare admits that the '932 patent includes claims that recite in the preamble the language "[a] router capable of network tunneling utilizing flow state information" and further recite, inter alia, the language "a flow block having flow state information for a micro-flow, the flow block further including an identifier that associates the flow block with the aggregate flow block." Otherwise, Cloudflare denies the allegations in Paragraph 44.

45.     Responding to Paragraph 45, Cloudflare admits that the '932 patent includes claims that recite in the preamble the language "[a] router capable of network tunneling utilizing flow state information" and further recite, inter alia, the language "wherein the aggregate flow block stores statistics for the particular network tunnel." Otherwise, Cloudflare denies the allegations in Paragraph 45.

46.     Cloudflare is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, therefore, denies the allegations.

## U.S. PATENT NO. 7,012,919

47.     Responding to Paragraph 47, Cloudflare admits that the face of the '919 patent

states that it is titled "Micro-Flow Label Switching." Cloudflare admits that the face of the '919 patent bears a filing date of December 8, 2000. Cloudflare admits that the face of the '919 patent states that, subject to any disclaimer, the term of the patent is extended under 35 U.S.C. § 154(b) by 1069 days. Cloudflare admits that what purports to be a true and correct copy of the '919 patent appears to be attached to the Complaint as Exhibit C. Cloudflare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 and, therefore, denies them.

48.     Cloudflare denies the allegations in Paragraph 48.

49.     Cloudflare denies the allegations in Paragraph 49.

50.     Cloudflare denies the allegations in Paragraph 50.

51.     Responding to Paragraph 51, Cloudflare admits that the specification of the '919 patent recites the language "[i]n one embodiment, a method for providing an aggregate micro-flow having intelligent load balancing is disclosed." Otherwise, Cloudflare denies the allegations in Paragraph 51.

52.     Responding to Paragraph 52, Cloudflare admits that the specification of the '919 patent recites the language "[i]n one embodiment, a method for providing an aggregate micro-flow having intelligent load balancing is disclosed. Initially, a set of label switched paths (LSPs) is defined for a network domain. Then, as the network receives a set of data packets, a micro-flow comprising the set of data packets is defined." Otherwise, Cloudflare denies the allegations in Paragraph 52.

53.     Responding to Paragraph 53, Cloudflare admits that the specification of the '919 patent recites the language "[i]n one embodiment, a method for providing an aggregate micro-flow having intelligent load balancing is disclosed. Initially, a set of label switched paths (LSPs) is

defined for a network domain. Then, as the network receives a set of data packets, a micro-flow comprising the set of data packets is defined. In addition to the information included in each received data packet, the micro-flow includes a quality of service (QoS) type." Otherwise, Cloudflare denies the allegations in Paragraph 53.

54.    Responding to Paragraph 54, Cloudflare admits that the '919 patent includes claims that recite, inter alia, the language "selecting a particular label switched path from the defined set of label switched paths based on the quality of service type of the micro-flow." Otherwise, Cloudflare denies the allegations in Paragraph 54.

55.    Responding to Paragraph 55, Cloudflare admits that the '919 patent includes claims that recite in the preamble the language "[a] method for providing an aggregate micro-flow," and further recite, inter alia, the language "defining a set of label switched paths." Otherwise, Cloudflare denies the allegations in Paragraph 55.

56.    Responding to Paragraph 56, Cloudflare admits that the '919 patent includes claims that recite in the preamble the language "[a] method for providing an aggregate micro-flow," and further recite, inter alia, the language "defining a micro-flow comprising a set of data packets, the micro-flow having a quality of service type." Otherwise, Cloudflare denies the allegations in Paragraph 56.

57.    Responding to Paragraph 57, Cloudflare admits that the '919 patent includes claims that recite in the preamble the language "[a] method for providing an aggregate micro-flow," and further recite, inter alia, the language "selecting a particular label switched path from the defined set of label switched paths based on the quality of service type of the micro-flow." Otherwise, Cloudflare denies the allegations in Paragraph 57.

58.    Responding to Paragraph 58, Cloudflare admits that the '919 patent includes claims

that recite in the preamble the language "[a] method for providing an aggregate micro-flow," and further recite, inter alia, the language "transmitting the micro-flow along the selected label switched path; the micro-flow having an associated forwarding equivalence class, the forwarding equivalence class defining additional transmission constraints for the micro-flow." Otherwise, Cloudflare denies the allegations in Paragraph 58.

59.    Cloudflare is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, therefore, denies the allegations.

## U.S. PATENT NO. 8,243,593

60.    Responding to Paragraph 60, Cloudflare admits that the face of the '593 patent states that it is titled "Mechanism for Identifying and Penalizing Misbehaving Flows in a Network." Cloudflare admits that the face of the '593 patent bears a filing date of December 22, 2004. Cloudflare admits that the face of the '593 patent states that, subject to any disclaimer, the term of the patent is extended under 35 U.S.C. § 154(b) by 1098 days. Cloudflare admits that what purports to be a true and correct copy of the '593 patent appears to be attached to the Complaint as Exhibit D. Cloudflare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60 and, therefore, denies them.

61.    Cloudflare denies the allegations in Paragraph 61.

62.    Cloudflare denies the allegations in Paragraph 62.

63.    Cloudflare denies the allegations in Paragraph 63.

64.    Cloudflare denies the allegations in Paragraph 64.

65.    Cloudflare denies the allegations in Paragraph 65.

66.    Responding to Paragraph 66, Cloudflare admits that the '593 patent includes a claim that recites in the preamble the language "[a] machine implemented method for processing

a flow, the flow comprising a series of information packets," and further recites, inter alia, the language "maintaining a set of behavioral statistics for the flow, wherein the set of behavioral statistics is updated based on each information packet belonging to the flow, as each information packet belonging to the flow is processed." Otherwise, Cloudflare denies the allegations in Paragraph 66.

67.     Responding to Paragraph 67, Cloudflare admits that the '593 patent includes a claim that recites in the preamble the language "[a] machine implemented method for processing a flow, the flow comprising a series of information packets," and further recites, inter alia, the language "determining, based at least partially upon the set of behavioral statistics, whether the flow is exhibiting undesirable behavior, regardless of the presence or absence of congestion." Otherwise, Cloudflare denies the allegations in Paragraph 67.

68.     Responding to Paragraph 68, Cloudflare admits that the '593 patent includes a claim that recites in the preamble the language "[a] machine implemented method for processing a flow, the flow comprising a series of information packets," and further recites, inter alia, the language "determining, based at least partially upon the set of behavioral statistics, whether the flow is exhibiting undesirable behavior, regardless of the presence or absence of congestion." Otherwise, Cloudflare denies the allegations in Paragraph 68.

69.     Responding to Paragraph 69, Cloudflare admits that the '593 patent includes a claim that recites in the preamble the language "[a] machine implemented method for processing a flow, the flow comprising a series of information packets," and further recites, inter alia, the language "in response to a determination that the flow is exhibiting undesirable behavior, enforcing a penalty on the flow." Otherwise, Cloudflare denies the allegations in Paragraph 69.

70.     Cloudflare is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 70 and, therefore, denies the allegations.

**COUNT I**
**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,954,431**

71.     Cloudflare incorporates the foregoing paragraphs by reference as if fully set forth herein.

72.     Responding to Paragraph 72, Cloudflare states that the allegations contain a legal conclusion to which no response is required. To the extent that a response is required, Cloudflare denies the allegations.

73.     Responding to Paragraph 73, Cloudflare states that the allegations contain a legal conclusion to which no response is required. To the extent that a response is required, Cloudflare denies the allegations.

74.     Responding to Paragraph 74, Cloudflare states that the allegations contain a legal conclusion to which no response is required. To the extent that a response is required, Cloudflare denies the allegations.

75.     Cloudflare denies the allegations in Paragraph 75.

76.     Cloudflare denies the allegations in Paragraph 76.

77.     Cloudflare denies the allegations in Paragraph 77.

78.     Cloudflare denies the allegations in Paragraph 78.

79.     Cloudflare denies the allegations in Paragraph 79.

80.     Cloudflare denies the allegations in Paragraph 80.

81.     Cloudflare denies the allegations in Paragraph 81.

82.     Cloudflare denies the allegations in Paragraph 82.

83.     Responding to Paragraph 83, Cloudflare admits that it makes its services available throughout the United States. Cloudflare denies the remaining allegations in Paragraph 83.

84.     Responding to Paragraph 84, Cloudflare admits that it has customers located in the Western District of Texas. Cloudflare denies the remaining allegations in Paragraph 84.

85.     Cloudflare denies the allegations in Paragraph 85.

86.     Responding to Paragraph 86, Cloudflare states that Sable has stipulated to the dismissal of all claims against Cloudflare for induced infringement. *See* ECF No. 15. Therefore, no response to the allegations in Paragraph 86 is required at this time. To the extent that a response is required, Cloudflare denies the allegations in Paragraph 86.

87.     Responding to Paragraph 87, Cloudflare states that Sable has stipulated to the dismissal of all claims against Cloudflare for induced infringement. *See* ECF No. 15. Therefore, no response to the allegations in Paragraph 87 is required at this time. To the extent that a response is required, Cloudflare denies the allegations in Paragraph 87.

88.     Responding to Paragraph 88, Cloudflare states that Sable has stipulated to the dismissal of all claims against Cloudflare for induced infringement. *See* ECF No. 15. Therefore, no response to the allegations in Paragraph 88 is required at this time. To the extent that a response is required, Cloudflare denies the allegations in Paragraph 88.

89.     Responding to Paragraph 89, Cloudflare states that Sable has stipulated to the dismissal of all claims against Cloudflare for willful infringement. *See* ECF No. 15. Therefore, no response to the allegations in Paragraph 89 is required at this time. To the extent that a response is required, Cloudflare denies the allegations in Paragraph 89.

90.     Cloudflare denies the allegations in Paragraph 90.

91.     Cloudflare denies the allegations in Paragraph 91.

## COUNT II
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,977,932

92.     Cloudflare incorporates the foregoing paragraphs by reference as if fully set forth

herein.

93.     Responding to Paragraph 93, Cloudflare states that the allegations contain a legal conclusion to which no response is required. To the extent that a response is required, Cloudflare denies the allegations.

94.     Responding to Paragraph 94, Cloudflare states that the allegations contain a legal conclusion to which no response is required. To the extent that a response is required, Cloudflare denies the allegations.

95.     Cloudflare denies the allegations in Paragraph 95.

96.     Cloudflare denies the allegations in Paragraph 96.

97.     Cloudflare denies the allegations in Paragraph 97.

98.     Cloudflare denies the allegations in Paragraph 98.

99.     Cloudflare denies the allegations in Paragraph 99.

100.     Cloudflare denies the allegations in Paragraph 100.

101.     Cloudflare denies the allegations in Paragraph 101.

102.     Responding to Paragraph 102, Cloudflare admits that it makes its services available throughout the United States. Cloudflare denies the remaining allegations in Paragraph 102.

103.     Responding to Paragraph 103, Cloudflare admits that it has customers in the Western District of Texas. Cloudflare denies the remaining allegations in Paragraph 103.

104.     Cloudflare denies the allegations in Paragraph 104.

105.     Responding to Paragraph 105, Cloudflare states that Sable has stipulated to the dismissal of all claims against Cloudflare for induced infringement. *See* ECF No. 15. Therefore, no response to the allegations in Paragraph 105 is required at this time. To the extent that a response is required, Cloudflare denies the allegations in Paragraph 105.

106.     Responding to Paragraph 106, Cloudflare states that Sable has stipulated to the dismissal of all claims against Cloudflare for induced infringement. *See* ECF No. 15. Therefore, no response to the allegations in Paragraph 106 is required at this time. To the extent that a response is required, Cloudflare denies the allegations in Paragraph 106.

107.     Responding to Paragraph 107, Cloudflare states that Sable has stipulated to the dismissal of all claims against Cloudflare for induced infringement. *See* ECF No. 15. Therefore, no response to the allegations in Paragraph 107 is required at this time. To the extent that a response is required, Cloudflare denies the allegations in Paragraph 107.

108.     Responding to Paragraph 108, Cloudflare states that Sable has stipulated to the dismissal of all claims against Cloudflare for willful infringement. *See* ECF No. 15. Therefore, no response to the allegations in Paragraph 108 is required at this time. To the extent that a response is required, Cloudflare denies the allegations in Paragraph 108.

109.     Cloudflare denies the allegations in Paragraph 109.

110.     Cloudflare denies the allegations in Paragraph 110.

### COUNT III
### ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,012,919

111.     Cloudflare incorporates the foregoing paragraphs by reference as if fully set forth herein.

112.     Responding to Paragraph 112, Cloudflare states that the allegations contain a legal conclusion to which no response is required. To the extent that a response is required, Cloudflare denies the allegations.

113.     Responding to Paragraph 113, Cloudflare states that the allegations contain a legal conclusion to which no response is required. To the extent that a response is required, Cloudflare denies the allegations.

114.     Responding to Paragraph 113, Cloudflare states that the allegations contain a legal conclusion to which no response is required. To the extent that a response is required, Cloudflare denies the allegations.

115.     Cloudflare denies the allegations in Paragraph 115.

116.     Cloudflare denies the allegations in Paragraph 116.

117.     Cloudflare denies the allegations in Paragraph 117.

118.     Cloudflare denies the allegations in Paragraph 118.

119.     Cloudflare denies the allegations in Paragraph 119.

120.     Cloudflare denies the allegations in Paragraph 120.

121.     Responding to Paragraph 121, Cloudflare admits that it makes its services available throughout the United States. Cloudflare denies the remaining allegations in Paragraph 121.

122.     Responding to Paragraph 122, Cloudflare admits that it has customers in the Western District of Texas. Cloudflare denies the remaining allegations in Paragraph 122.

123.     Cloudflare denies the allegations in Paragraph 123.

124.     Cloudflare denies the allegations in Paragraph 124.

125.     Responding to Paragraph 125, Cloudflare states that Sable has stipulated to the dismissal of all claims against Cloudflare for induced infringement. *See* ECF No. 15. Therefore, no response to the allegations in Paragraph 125 is required at this time. To the extent that a response is required, Cloudflare denies the allegations in Paragraph 125.

126.     Responding to Paragraph 126, Cloudflare states that Sable has stipulated to the dismissal of all claims against Cloudflare for induced infringement. *See* ECF No. 15. Therefore, no response to the allegations in Paragraph 126 is required at this time. To the extent that a response is required, Cloudflare denies the allegations in Paragraph 126.

127.    Responding to Paragraph 127, Cloudflare states that Sable has stipulated to the dismissal of all claims against Cloudflare for induced infringement. *See* ECF No. 15. Therefore, no response to the allegations in Paragraph 127 is required at this time. To the extent that a response is required, Cloudflare denies the allegations in Paragraph 127.

128.    Responding to Paragraph 128, Cloudflare states that Sable has stipulated to the dismissal of all claims against Cloudflare for willful infringement. *See* ECF No. 15. Therefore, no response to the allegations in Paragraph 128 is required at this time. To the extent that a response is required, Cloudflare denies the allegations in Paragraph 128.

129.    Cloudflare denies the allegations in Paragraph 129.

130.    Cloudflare denies the allegations in Paragraph 130.

## COUNT IV
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,243,593

131.    Cloudflare incorporates the foregoing paragraphs by reference as if fully set forth herein.

132.    Responding to Paragraph 132, Cloudflare states that the allegations contain a legal conclusion to which no response is required. To the extent that a response is required, Cloudflare denies the allegations in Paragraph 132.

133.    Responding to Paragraph 133, Cloudflare states that the allegations contain a legal conclusion to which no response is required. To the extent that a response is required, Cloudflare denies the allegations.

134.    Responding to Paragraph 134, Cloudflare states that the allegations contain a legal conclusion to which no response is required. To the extent that a response is required, Cloudflare denies the allegations.

135.    Cloudflare denies the allegations in Paragraph 135.

136.    Responding to Paragraph 136, Cloudflare admits that its services are available throughout the United States. Cloudflare denies the remaining allegations in Paragraph 136.

137.    Responding to Paragraph 137, Cloudflare admits that it has customers in the Western District of Texas. Cloudflare denies the remaining allegations in Paragraph 137.

138.    Cloudflare denies the allegations in Paragraph 138.

139.    Cloudflare denies the allegations in Paragraph 139.

140.    Cloudflare denies the allegations in Paragraph 140.

141.    Cloudflare denies the allegations in Paragraph 141.

142.    Cloudflare denies the allegations in Paragraph 142.

143.    Cloudflare denies the allegations in Paragraph 143.

144.    Cloudflare denies the allegations in Paragraph 144.

145.    Responding to Paragraph 145, Cloudflare states that Sable has stipulated to the dismissal of all claims against Cloudflare for induced infringement. *See* ECF No. 15. Therefore, no response to the allegations in Paragraph 145 is required at this time. To the extent that a response is required, Cloudflare denies the allegations in Paragraph 145.

146.    Responding to Paragraph 146, Cloudflare states that Sable has stipulated to the dismissal of all claims against Cloudflare for induced infringement. *See* ECF No. 15. Therefore, no response to the allegations in Paragraph 146 is required at this time. To the extent that a response is required, Cloudflare denies the allegations in Paragraph 146.

147.    Responding to Paragraph 147, Cloudflare states that Sable has stipulated to the dismissal of all claims against Cloudflare for induced infringement. *See* ECF No. 15. Therefore, no response to the allegations in Paragraph 147 is required at this time. To the extent that a response is required, Cloudflare denies the allegations in Paragraph 147.

148.    Responding to Paragraph 148, Cloudflare states that Sable has stipulated to the dismissal of all claims against Cloudflare for willful infringement. *See* ECF No. 15. Therefore, no response to the allegations in Paragraph 148 is required at this time. To the extent that a response is required, Cloudflare denies the allegations in Paragraph 148.

149.    Cloudflare denies the allegations in Paragraph 149.

150.    Cloudflare denies the allegations in Paragraph 150.

### SABLE'S PRAYER FOR RELIEF

151.    Cloudflare admits that Sable requests certain relief from the Court. Cloudflare denies that Sable is entitled to any relief.

### SABLE'S DEMAND FOR JURY TRIAL

152.    Cloudflare admits that Sable has demanded a trial by jury of all issues so triable. Cloudflare demands, pursuant to Federal Rule of Civil Procedure 38, a trial by jury on all issues so triable.

### DEFENSES

153.    Without altering the burden of proof, Cloudflare asserts the following defenses, which are based upon an investigation that is not complete. Cloudflare's investigation of its defenses is continuing, and Cloudflare reserves the right to assert all defenses under Federal Rule of Civil Procedure 8, the patent laws of the United States, and any other defense, at law or in equity, that may now exist or in the future be available based upon, among other things, discovery and further investigation in this case.

### FIRST DEFENSE
### (FAILURE TO STATE A CLAIM)

154.    Sable's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (NON-INFRINGEMENT)

155.    Cloudflare has not directly or indirectly, literally or under the doctrine of equiva-lents, infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the patents-in-suit, and is not liable for infringement thereof.

### THIRD DEFENSE
### (INVALIDITY)

156.    The claims of the patents-in-suit are invalid and/or unenforceable and/or void for failure to meet the conditions for patentability specified by 35 U.S.C. §§ 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 282 and/or the Rules and Regulations of the United States Patent & Trademark Office.

### FOURTH DEFENSE
### (LIMITATION ON DAMAGES)

157.    Sable's claims for relief are limited by 35 U.S.C. §§ 285-288 and/or 28 U.S.C. § 1498.

### FIFTH DEFENSE
### (FAILURE TO MARK)

158.    To the extent that Sable, its predecessors, or licensees of the patents-in-suit failed to properly mark any relevant products or materials as required by 35 U.S.C. § 287, Sable's alleged damages are barred in whole or in part.

### SIXTH DEFENSE
### (PROSECUTION HISTORY ESTOPPEL)

159.    By reason of proceedings in the United States Patent & Trademark Office, and by reasons of amendments, statements, admissions, omissions and/or representations made by the applicants or on their behalf, Sable is estopped from asserting infringement of the patents-in-suit against Cloudflare.

**SEVENTH DEFENSE**
**(DISCLOSURE-DEDICATION)**

160.    Sable's claims are barred to the extent that Sable has dedicated to the public systems, methods, and/or products disclosed in the patents-in-suit but not literally claimed therein.

**EIGHTH DEFENSE**
**(EXTRATERRITORIALITY)**

161.    Cloudflare asserts that Sable's claims are barred, in whole or in part, by extraterritoriality principles. For example, the patents-in-suit do not apply outside of the United States and, further, all steps of any patented methods must be performed entirely in the United States. *See, e.g.*, *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005).

**JURY DEMAND (ANSWER)**

162.    Cloudflare demands, pursuant to Rule 38 of the Federal Rules of Civil Procedure, a trial by jury on all issues so triable.

**CLOUDFLARE'S PRAYER FOR RELIEF (ANSWER)**

163.    Cloudflare requests that the Court enter a judgment in Cloudflare's favor as follows:

A.    Dismissing Sable's Complaint in its entirety, with prejudice;

B.    Finding that Sable is not entitled to any relief, whether in law or equity or otherwise, from its suit against Cloudflare;

C.    Finding that Cloudflare does not infringe and has not infringed the patents-in-suit;

D.    Finding that the claims of the patents-in-suit are invalid;

E.    Permanently enjoining Sable, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the patents-in-suit against Cloudflare or any parents, affiliates, or subsidiaries of

Cloudflare or any of their respective officers, agents, employees, successors, and assigns;

F.      Declaring that this is an exceptional case in Cloudflare's favor pursuant to 35 U.S.C. § 285;

G.      Awarding Cloudflare its costs, expenses, and reasonable attorney's fees, whether pursuant to 35 U.S.C. § 285 or otherwise; and

H.      Entering an Order that Cloudflare shall have and recover from Sable any and all such other and further relief, general and special, at law or in equity, to which Cloudflare may be justly entitled.

## COUNTERCLAIMS

164.    Pursuant to Federal Rule of Civil Procedure 13, Cloudflare files these Counterclaims against Sable, and states as follows:

### PARTIES

165.    Cloudflare is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 101 Townsend Street, San Francisco, California 94107.

166.    Sable Networks, Inc. states that it is a corporation organized and existing under the laws of the State of California. Sable Networks, Inc. states that it is the owner by assignment of the patents-in-suit.

167.    Sable IP, LLC states that it is a Delaware limited liability company with its principal place of business at 225 S. 6th Street, Suite 3900, Minneapolis, Minnesota 55402. Sable IP, LLC states that, pursuant to an exclusive license agreement with Sable Networks, Inc., Sable IP, LLC is the exclusive licensee of the patents-in-suit.

<u>**JURISDICTION AND VENUE**</u>

168.    These Counterclaims arise under the Patent Act, 35 U.S.C. § 1 *et seq.* and the De-claratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

169.    The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202, as well as 35 U.S.C. § 1 *et seq.*

170.    This Court has personal jurisdiction over Sable by virtue of, at a minimum, the filing of Sable's Complaint and, on information, Sable's business activities in this district and the State of Texas.

171.    Venue is proper in this Court because, at a minimum, Sable's claims of infringe-ment are pending in this Court.

<u>**FACTS**</u>

172.    Sable has accused Cloudflare of infringing the patents-in-suit.

173.    Sable's Complaint asserts, inter alia, that "[t]he '431 patent discloses novel meth-ods and systems for managing data traffic comprising a plurality of micro-flows through a net-work." Compl. ¶ 26.

174.    Sable defines what it calls the "Cloudflare '431 Products" to be (collectively) "Cloudflare Gen 6 Edge Servers, Gen 7 Edge Servers, Gen 8 Edge Servers, Gen 9 Edge Servers, and Gen 10 Edge Servers incorporating eXpress Data Path (XDP) / eBPF (extended Berkeley Packet Filter) packet processing, socket filtering, and rate limiting functionality[.]" *Id.* ¶ 73.

175.    Sable's Complaint purports to assert that Cloudflare infringes the '431 patent through "technology for managing data traffic comprising a plurality of micro-flows through a network, including but not limited to the Cloudflare '431 Products." *Id.* ¶ 82.

176.    Neither Cloudflare nor the "Cloudflare '431 Products" infringe any claim of the

'431 patent, whether directly or indirectly.

177.    Sable asserts, inter alia, that "[t]he '932 patent discloses novel methods and appa-
ratuses for utilizing a router capable of network tunneling utilizing flow state information." *Id.* ¶
37.

178.    Sable defines what it calls the "Cloudflare '932 Products" to be "Cloudflare Magic
Transit." *Id.* ¶ 93.

179.    Sable's Complaint purports to assert that Cloudflare infringes the '932 patent
through "products utilizing flow state information to perform a method of network tunneling, in-
cluding but not limited to the Cloudflare '932 Products[.]" *Id.* ¶ 104.

180.    Neither Cloudflare nor the "Cloudflare '932 Products" infringe any claim of the
'932 patent, whether directly or indirectly.

181.    Sable asserts, inter alia, that "[t]he '919 patent claims specific methods and systems
for providing aggregate micro-flows." *Id.* ¶ 48.

182.    Sable defines what it calls the "Cloudflare '919 Products" to be (collectively)
"Cloudflare Gen 6 Edge Servers, Gen 7 Edge Servers, Gen 8 Edge Servers, Gen 9 Edge Servers,
and Gen 10 Edge Servers including functionality for transmitting a data flow over a network con-
nection[.]" *Id.* ¶ 113.

183.    Sable's Complaint purports to assert that Cloudflare infringes the '919 patent
through "technology for providing an aggregate micro-flow, including but not limited to the
Cloudflare '919 Products." *Id.* ¶ 123.

184.    Neither Cloudflare nor the "Cloudflare '919 Products" infringe any claim of the
'919 patent, whether directly or indirectly.

185.    Sable asserts, inter alia, that "[t]he '593 patent discloses novel methods and systems

24

for processing a flow of a series of information packets." *Id.* ¶ 61.

186.    Sable defines what it calls the "Cloudflare '593 Products" to be (collectively) "CloudFlare DDoS Protection, including Cloudflare Gatebot functionality, eXpress Data Path (XDP) / eBPF (extended Berkeley Packet Filter) packet processing, and flowtrackd functionality[.]" *Id.* ¶ 133.

187.    Sable's Complaint purports to assert that Cloudflare infringes the '593 patent through "products and services for processing a flow of a series of information packets, including but not limited to the Cloudflare '593 Products[.]" *Id.* ¶ 144.

188.    Neither Cloudflare nor the "Cloudflare '593 Products" infringe any claim of the '593 patent, whether directly or indirectly.

189.    Additionally, the patents-in-suit are invalid.

## COUNT I
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF PATENTS-IN-SUIT)

190.    Cloudflare incorporates the foregoing paragraphs by reference as if fully set forth herein.

191.    This is an action for declaratory judgment of non-infringement of any and all valid and enforceable claims of the patents-in-suit.

192.    Sable has alleged in its Complaint that Cloudflare has infringed one or more claims of the patents-in-suit.

193.    Cloudflare has not in any manner infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the patents-in-suit, either directly or indirectly, or literally or under the doctrine of equivalents, and is not liable for infringement thereof.

194.    Cloudflare requests a judicial determination and declaration of the respective rights

and duties of the parties. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

195.    This is an exceptional case entitling Cloudflare to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNT II
## (DECLARATORY JUDGMENT OF INVALIDITY OF PATENTS-IN-SUIT)

196.    Cloudflare incorporates the foregoing paragraphs by reference as if fully set forth herein.

197.    This is an action for declaratory judgment of invalidity of any and all claims of the patents-in-suit.

198.    The patents-in-suit are invalid and/or void for failure to meet the conditions for patentability specified by 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 282 and/or the Rules and Regulations of the United States Patent & Trademark Office.

199.    Cloudflare requests a judicial determination and declaration of the respective rights and duties of the parties. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

200.    This is an exceptional case entitling Cloudflare to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## JURY DEMAND (COUNTERCLAIMS)

201.    Cloudflare demands, pursuant to Federal Rule of Civil Procedure 38, a trial by jury on all issues so triable.

## PRAYER FOR RELIEF (COUNTERCLAIMS)

202.    Cloudflare requests that the Court:

A.      Dismiss Sable's Complaint in its entirety, with prejudice;

B.      Declare that Sable is not entitled to any relief, whether in law or equity or otherwise, from its suit against Cloudflare;

C.      Declare that Cloudflare does not infringe and has not infringed the patents-in-suit;

D.      Declare that the claims of the patents-in-suit are invalid;

E.      Permanently enjoin Sable, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the patents-in-suit against Cloudflare or any parents, affiliates, or subsidiaries of Cloudflare or any of their respective officers, agents, employees, successors, and assigns;

F.      Declare that this is an exceptional case in Cloudflare's favor pursuant to 35 U.S.C. § 285;

G.      Award Cloudflare its costs, expenses, and reasonable attorney's fees, whether pursuant to 35 U.S.C. § 285 or otherwise; and

H.      Grant Cloudflare such other and further relief, general and special, at law or in equity, as the Court deems just and equitable.

Dated: May 24, 2021

Respectfully submitted,

STEVEN CALLAHAN
  Texas State Bar No. 24053122
  scallahan@ccrglaw.com
CHRISTOPHER T. BOVENKAMP
  Texas State Bar No. 24006877
  cbovenkamp@ccrglaw.com
ANTHONY M. GARZA
  Texas State Bar No. 24050644
  agarza@ccrglaw.com
**CHARHON CALLAHAN
ROBSON & GARZA, PLLC**
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Telephone: (214) 521-6400
Telecopier: (214) 764-8392

*Counsel for Defendant Cloudflare, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 24, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Dorian S. Berger, Esq.
Daniel P. Hipskind, Esq.
BERGER & HIPSKIND LLP
9538 Brighton Way, Ste. 320
Beverly Hills, California 90210
Telephone: 323-886-3430
Telecopier: 323-978-5508
dsb@bergerhipskind.com
dph@bergerhipskind.com

Elizabeth L. DeRieux, Esq
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: 903-845-5770
ederieux@capshawlaw.com

STEVEN CALLAHAN

28