UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **SABLE NETWORKS, INC. AND SABLE IP, LLC,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**CLOUDFLARE, INC.,**<br><br>*Defendant.* | Civil Action No. 6:21-cv-00261-ADA<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFFS SABLE NETWORKS, INC. AND SABLE IP, LLC'S ANSWER TO THE COUNTERCLAIMS OF DEFENDANT CLOUDFLARE, INC.

Plaintiffs Sable Networks, Inc. and Sable IP, LLC (collectively, "Sable"), by and through its undersigned counsel, hereby submits their Answer to the Counterclaims of Defendant Cloudflare, Inc. ("Cloudflare"), in numbered paragraph order corresponding to the numbered paragraphs of Cloudflare's counterclaims against Sable ("the Counterclaims").

164. Paragraph 164 of the Counterclaims does not contain any allegation against Sable and therefore does not require a response.

### PARTIES

165. Admitted.

166. Admitted.

167. Admitted.

## JURISDICTION AND VENUE

168. Sable admits that the Counterclaims arise under the Patent Act, 35 U.S.C. § 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* Sable denies that Cloudflare is entitled to any relief sought in the Counterclaims.

169. Sable admits that the Court has subject-matter jurisdiction over this action. Sable denies that Cloudflare is entitled to any relief sought in the Counterclaims.

170. Sable admits that the Court has personal jurisdiction over Sable.

171. Sable admits that venue is proper in this Court.

## FACTS

172. Admitted.

173. Sable admits that Paragraph 26 of Sable's Complaint states: "The '431 patent discloses novel methods and systems for managing data traffic comprising a plurality of micro-flows through a network." Except as expressly admitted herein, Sable denies the allegations contained in Paragraph 173 of the Counterclaims.

174. Admitted.

175. Sable admits that Paragraph 82 of Sable's Complaint states: "Cloudflare has directly infringed and continues to directly infringe the '431 patent by, among other things, making, using, offering for sale, and/or selling technology for managing data traffic comprising a plurality of micro-flows through a network, including but not limited to the Cloudflare '431 Products." Sable further admits that Sable's Complaint asserts that Cloudflare infringes the '431 patent. Except as expressly admitted herein, Sable denies the allegations contained in Paragraph 175 of the Counterclaims.

176. Denied.

177. Sable admits that Paragraph 37 of Sable's Complaint states: "The '932 patent discloses novel methods and apparatuses for utilizing a router capable of network tunneling utilizing flow state information." Except as expressly admitted herein, Sable denies the allegations contained in Paragraph 177 of the Counterclaims.

178. Admitted.

179. Sable admits that Paragraph 104 of Sable's Complaint states: "By making, using, testing, offering for sale, and/or selling products utilizing flow state information to perform a method of network tunneling, including but not limited to the Cloudflare '932 Products, Cloudflare has injured Plaintiffs and is liable to Plaintiffs for directly infringing one or more claims of the '932 patent, including at least claim 1 pursuant to 35 U.S.C. § 271(a)." Sable further admits that Sable's Complaint asserts that Cloudflare infringes the '932 patent. Except as expressly admitted herein, Sable denies the allegations contained in Paragraph 179 of the Counterclaims.

180. Denied.

181. Sable admits that Paragraph 48 of Sable's Complaint states: "The '919 patent claims specific methods and systems for providing aggregate micro-flows." Except as expressly admitted herein, Sable denies the allegations contained in Paragraph 181 of the Counterclaims.

182. Admitted.

183. Sable admits that Paragraph 123 of Sable's Complaint states: "Cloudflare has directly infringed and continues to directly infringe the '919 patent by, among other things, making, using, offering for sale, and/or selling technology for providing an aggregate micro-flow, including but not limited to the Cloudflare '919 Products." Sable further admits that Sable's Complaint asserts that Cloudflare infringes the '919 patent. Except as expressly admitted herein, Sable denies the allegations contained in Paragraph 183 of the Counterclaims.

184. Denied.

185. Sable admits that Paragraph 61 of Sable's Complaint states: "The '593 patent discloses novel methods and systems for processing a flow of a series of information packets." Except as expressly admitted herein, Sable denies the allegations contained in Paragraph 185 of the Counterclaims.

186. Admitted.

187. Sable admits that Paragraph 144 of Sable's Complaint states: "By making, using, testing, offering for sale, and/or selling products and services for processing a flow of a series of

information packets, including but not limited to the Cloudflare '593 Products, Cloudflare has injured Plaintiffs and is liable for directly infringing one or more claims of the '593 patent, including at least claim 5, pursuant to 35 U.S.C. § 271(a)." Sable further admits that Sable's Complaint asserts that Cloudflare infringes the '593 patent. Except as expressly admitted herein, Sable denies the allegations contained in Paragraph 187 of the Counterclaims.

188. Denied.

189. Denied.

## COUNT I
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF PATENTS-IN-SUIT)

190. Sable incorporates its responses to paragraphs 164-189 as if fully set forth herein.

191. Sable admits that the Counterclaims present an action for declaratory judgment of non-infringement of any and all valid and enforceable claims of the patents-in-suit. Sable denies that Cloudflare is entitled to any such declaratory judgment.

192. Admitted.

193. Denied.

194. Sable admits that Cloudflare requests a judicial determination and declaration of the respective rights and duties of the parties. Sable denies that such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

195. Sable denies that this is an exceptional case entitling Cloudflare to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNT II
### (DECLARATORY JUDGMENT OF INVALIDTY OF PATENTS-IN-SUIT)

196. Sable incorporates its responses to paragraphs 164-195 as if fully set forth herein.

197. Sable admits that the Counterclaims present an action for declaratory judgment of invalidity of any and all claims of the patents-in-suit. Sable denies that Cloudflare is entitled to any such declaratory judgment.

198. Denied.

199. Sable admits that Cloudflare requests a judicial determination and declaration of the respective rights and duties of the parties. Sable denies that such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

200. Sable denies that this is an exceptional case entitling Cloudflare to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## JURY DEMAND (COUNTERCLAIMS)

201. Paragraph 201 of the Counterclaims does not contain any allegation against Sable and therefore does not require a response.

## GENERAL DENIAL

Sable denies that Cloudflare is entitled to judgment, or any such other relief, from the Court or from Sable. By way of further answer, Sable denies all other allegations contained in the Counterclaims that are not otherwise expressly admitted herein.

## DEMAND FOR JURY TRIAL

Sable demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Sable prays that this Court will:

A.   Dismiss Cloudflare's counterclaims against Sable with prejudice;

B.   Hold that Cloudflare is not entitled to any relief, whether in law, equity, or otherwise, on its counterclaims against Sable;

C.   Declare that Cloudflare has infringed and does infringe one or more claims of the patents-in-suit;

D.   Declare that the claims of the patents-in-suit are valid and enforceable;

E.  Award Sable any other relief, in law and in equity, to which the Court finds Sable is justly entitled.

DATED: May 25, 2021

Respectfully submitted,

/s/ Daniel P. Hipskind

Dorian S. Berger (CA SB No. 264424)
Daniel P. Hipskind (CA SB No. 266763)
BERGER & HIPSKIND LLP
9538 Brighton Way, Ste. 320
Beverly Hills, CA 90210
Telephone: 323-886-3430
Facsimile: 323-978-5508
E-mail: dsb@bergerhipskind.com
E-mail: dph@bergerhipskind.com

Elizabeth L. DeRieux
State Bar No. 05770585
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
E-mail: ederieux@capshawlaw.com

*Attorneys for Sable Networks, Inc.
and Sable IP, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on May 25, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

                                                  */s/ Daniel P. Hipskind*
                                                  Daniel P. Hipskind