**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **SABLE NETWORKS, INC. AND SABLE IP, LLC,**<br><br>　　　　*Plaintiffs,*<br><br>　v.<br><br>**CLOUDFLARE, INC.,**<br><br>　　　　*Defendant.* | **Civil Action No. 6:21-cv-00261-ADA**<br><br>**JURY TRIAL DEMANDED** |

### ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL FURTHER VENUE DISCOVERY AND GRANTING-IN-PART DEFENDANT'S MOTION TO COMPEL FURTHER VENUE DISCOVERY

On September 1, 2021, Defendant Cloudflare, Inc. ("Cloudflare") filed a Motion to Transfer Venue (Dkt. 26) in the above-captioned case. In venue discovery, Cloudflare served a Rule 30(b)(6) notice for the venue deposition of Sable and a Rule 30(b)(1) notice for the venue deposition of Mr. Brooks Borchers, and Plaintiffs Sable Networks, Inc. and Sable IP, LLC (collectively, "Sable") served a Rule 30(b)(1) notice for the venue deposition of Cloudflare Chief Executive Officer and Chairman of Cloudflare's Board of Directors, Mr. Matthew Prince. Sable objected to producing a Rule 30(b)(6) witness for a venue deposition and Mr. Borchers as a venue deposition witness in his personal capacity; Cloudflare objected to producing Mr. Prince as a venue deposition witness.

On November 30, 2021, the Parties presented to the Court via email a summary of the dispute regarding Sable's request to take the venue deposition of Mr. Prince. Sable argued that two public statements (via Twitter) by Mr. Prince regarding the location of Cloudflare's "product

engineering" personnel and "core engineering" personnel were contradictory to statements made by Cloudflare in its Motion to Transfer Venue and testimony provided by Cloudflare employees. Cloudflare argued Mr. Prince should not be deposed under the "apex doctrine" because Mr. Prince is the Chief Executive Officer and Chairman of Cloudflare's Board of Directors and has no unique, firsthand knowledge of any relevant venue facts, that the two tweets did not contradict the Motion to Transfer Venue, and that Sable did not make reasonable efforts to obtain the information short of deposing Mr. Prince.

On December 1, 2021, the Parties presented to the Court via email a summary of the dispute regarding Cloudflare's request to take the Rule 30(b)(6) venue deposition of Sable and the Rule 30(b)(1) venue deposition of Mr. Brooks Borchers.  Cloudflare argued it was entitled to take venue discovery, including the venue deposition of Sable regarding venue topics nos. 5-10 of the 30(b)(6) venue deposition notice and the venue deposition of Mr. Borchers in his individual capacity.  Sable objected to Cloudflare conducting depositions of Sable and Mr. Borchers because the deposition notices were first served after Cloudflare filed its opening brief in connection with its Motion to Transfer Venue—*i.e.*, because the depositions would be conducted to introduce new facts for the first time in reply.  Sable also argued the scope of the depositions was too broad because the Rule 30(b)(6) Topics included 30(b)(6) testimony relating to all Sable patent licensees, and premature expert testimony on what products "embod[y] or practice[] … any of the Patents-in-Suit." Sable also argued the depositions did not have a "real relationship" to the Motion to Transfer because that motion was filed before the requests were served. Sable also argued Cloudflare sought a 30(b)(1) deposition of Mr. Borchers, the President of Sable IP, LLC, unrestricted to any venue topics.

On December 3, 2021, the Court held a remote discovery hearing via Zoom.  The Court

2

heard argument from counsel for Cloudflare and Sable regarding the two discovery disputes summarized above.

The Court hereby **GRANTS** Plaintiffs' motion to compel the Rule 30(b)(1) venue deposition of Mr. Matthew Prince with the following conditions:

1. The deposition shall be limited to one hour of testimony.

2. The scope of the deposition shall be limited to the facts and bases relating to Mr. Prince's public statements regarding the location of Cloudflare's "product engineering" and "core engineering" personnel.

The Court hereby **GRANTS** Defendant's motion to compel the Rule 30(b)(6) venue deposition of Sable Networks, Inc. and Sable IP, LLC with the following condition:

1. The Parties shall meet and confer regarding the scope of the Rule 30(b)(6) venue deposition topics.

2. The scope of the deposition shall be limited to the Rule 30(b)(6) venue deposition topics agreed by the Parties or Ordered by the Court should the Parties fail to reach agreement.

The Court hereby **DENIES WITHOUT PREJUDICE** Defendant's motion to compel the Rule 30(b)(1) deposition of Brooks Borchers. Cloudflare may reurge its Rule 30(b)(1) venue deposition request of Mr. Borchers after the Rule 30(b)(6) venue deposition if Cloudflare believes it warranted.

SIGNED this 13th day of December, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE