**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **Sable Networks, Inc. and Sable IP, LLC,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**Cloudflare, Inc.,**<br><br>**Defendant.** | **Civil Action No.**<br>**6:21-cv-00261-ADA**<br><br><br>**JURY TRIAL DEMANDED** |

## <u>PROTECTIVE ORDER</u>

Plaintiffs Sable Networks, Inc. and Sable IP, LLC and Defendant Cloudflare, Inc. (each a "Party" and collectively the "Parties"), expect that certain information and documents that will be encompassed by discovery in this litigation will involve the production or disclosure of trade secrets, confidential business information, source code, or other proprietary information and therefore seek a protective order governing that material in accordance with Federal Rule of Civil Procedure 26(c). The Parties hereby stipulate to and respectfully request that the Court ORDER that the following terms govern discovery:

1. **Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential," "For Counsel Only," "Attorneys' Eyes Only," or "Attorneys' Eyes Only – Source Code" by any of the supplying persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

1

2. **Qualified Persons**

"Qualified Persons" means:

a) For information designated "For Counsel Only," "Attorneys' Eyes Only", or "Attorneys' Eyes Only – Source Code":

i) outside counsel of record for the Parties in this litigation and such outside counsel's respective employees and staff;

ii) actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of the Parties or affiliates of the Parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order[1] (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

iii) this Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation, any Court appointed mediator or mediator jointly agreed to by the Parties;

iv) litigation vendors, court reporters and videographers, translation firms, jury consultants, graphics vendors, photocopy vendors, document imagining vendors, database vendors, and other litigation support personnel; and

---

[1] The document shall be the form attached as Appendix A to this Protective Order. The Appendix A, along with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) and a list of companies that the individual has been employed by or provided consulting services pertaining to the field of the inventions of the patent(s)-in-suit or the products accused of infringement within the last four years and a brief description of the subject matter of the consultancy or employment, shall be served on the producing Party at least 14 days before access to the Classified Information is to be given to that consultant or expert to allow the producing Party to notify the receiving Party in writing that it objects to disclosure of Classified Information to the consultant or expert.

v)    a witness at any deposition or hearing conducted in this case provided that the witness is: (a) eligible to have access to the Classified Information by virtue of his or her employment with the designating Party; (b) identified in the Classified Information as an author, addressee, or copy recipient of such information; (c) although not identified as an author, addressee, or copy recipient of such Classified Information, has, in the ordinary course of business, seen such Classified Information; or (d) is a current or former officer, director or employee of the producing Party or a current or former officer, director, or employee of a company affiliated with the producing Party. For any former officer, director, or employee of the producing Party or a company affiliated with the producing Party, such person shall keep the information confidential and may see and use the Classified Information at deposition or hearing in this case but not retain a copy of the Classified Information.

b)  For information designated "Confidential":

i)   the persons identified in subparagraph 2(a);

ii)   the Party, if a natural person;

iii)  if the Party is an entity, such officers or employees of the Party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have been designated in writing by notice to all counsel and have signed a document—Appendix A—agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person).

c)  Such other persons as this Court may designate after notice and an opportunity to be heard.

**3.    Designation Criteria**

a)   *Nonclassified Information.*

Classified Information shall not include information that either:

i)   is in the public domain at the time of disclosure, as evidenced by a written document;

ii)   becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

iii)   the receiving Party can show by written document was in its rightful and lawful possession at the time of disclosure; or

iv)   lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving Party.

b)   *Classified Information.*

A Party shall designate as Classified Information only such information that the Party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Classified.

Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, source code, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this Protective Order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications between the Parties or with nonparties may be designated as Classified Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

c)   *For Counsel Only or Attorneys' Eyes Only.*

The designation "For Counsel Only" or "Attorneys Eyes Only" shall be reserved for information that is believed to be unknown to the opposing Party or Parties, or any of the employees of a corporate party. For purposes of this Protective Order, so-designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

d)   *Attorneys' Eyes Only – Source Code.*

The designation "Attorneys' Eyes Only – Source Code" shall be reserved for ultrasensitive documents or information that is highly confidential and believed to be unknown to the opposing Party or Parties or any of the employees of a corporate party. For purposes of this Protective Order, so-designated information includes, but is not limited to, source code, RTL, and product schematics.

A document that merely quotes or cites filenames, line numbers, directory names, module names, class names, parameter names, variable names, function names, method names, and/or procedure names (e.g., for notetaking or identification purposes) without reproducing any lines of source code or RTL should not be designated "Attorneys' Eyes Only – Source Code" but may in otherwise appropriate circumstances be designated "For Counsel Only" or "Attorneys' Eyes Only."

### 4.     Use of Classified Information

All Classified Information provided by any Party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

### 5.     Marking of Documents

Documents provided in this litigation may be designated by the producing person or by any Party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential," "For Counsel Only," "Attorneys Eyes Only," or "Attorneys' Eyes Only – Source Code." In lieu of marking the original of a document, if the original is not provided, the designating Party may mark the copies that are provided. Originals shall be preserved for inspection.

6.      **Disclosure at Depositions**

Information disclosed at (i) the deposition of a Party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (ii) the deposition of a nonparty may be designated by any Party or nonparty as Classified Information by indicating on the record at the deposition that the testimony is "Confidential," "For Counsel Only," "Attorneys' Eyes Only," or "Attorneys' Eyes Only – Source Code" and is subject to the provisions of this Protective Order.

Any Party also may designate information disclosed at a deposition as Classified Information by notifying all Parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each Party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that Party's possession, custody, or control. All deposition transcripts shall be treated as "For Counsel Only" for a period of 30 days after initial receipt of the transcript.

Counsel for a Party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

**7.      Disclosure to Qualified Persons**

a)  *To Whom.*

Classified Information shall not be disclosed or made available by the receiving Party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however***, that in the event of a disclosure compelled by law or court order, the receiving Party will so notify the producing Party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information. Information designated as "For Counsel Only," "Attorneys' Eyes Only," or "Attorneys' Eyes Only – Source Code" shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

b)  *Retention of Copies During this Litigation.*

Copies of "For Counsel Only," "Attorneys' Eyes Only," or "Attorneys' Eyes Only – Source Code" information shall be maintained only by outside counsel for the receiving Party, litigation support database vendors, and, to the extent supplied to experts described in subparagraph 2(a)(ii), those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, database vendors, printers, or illustrators for the purpose of this litigation.

**8.      Source Code**

The following additional restrictions apply to Classified Information designated "Attorneys' Eyes Only - Source Code" (also referred to as "Source Code material"):

(a)    Access to a producing Party's Source Code material shall be through a computer (the "source code computer") at the producing Party's outside counsel's office, or at another place mutually agreed to between the Parties. The source code computer may not be linked to any network, including a local area network, an intranet, or the Internet, but will be connected to (1) a printer, or (2) a device capable of temporarily storing electronic copies (*e.g.*, printing to PDF), at the producing Party's option.

(b)    The receiving Party shall make reasonable efforts to restrict its requests to review Source Code material to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. local time, Monday through Friday (excluding holidays). However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for review outside of normal business hours. The Party requesting to inspect Source Code material shall provide notice to the producing Party of its request 10 business days in advance of the first requested inspection and 3 business days in advance of each subsequent requested inspection, and identify the individual(s) who will be reviewing the Source Code material, as well as the anticipated hours of the review. The persons who will review Source Code material on behalf of receiving Party shall be named in writing to the producing Party at least 5 business days in advance of the first time that such person reviews such material. The producing Party will make its source code available for inspection until the deadline to produce rebuttal expert reports in this matter. After the deadline to produce rebuttal expert reports, the receiving Party may make reasonable requests identifying in writing specific portions of Source Code material it wishes to review, and the Parties will meet and confer regarding the request.

(c)     The source code computer will be maintained in a secured room or facility. The receiving Party shall not bring any electronic devices into the secured room or facility. The producing Party may maintain a daily log of the names of persons who enter the designated facility to view the materials and when they enter and depart. The producing Party shall be entitled to have a person observe all entrances and exits from the reviewing room. The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the source code computer in order to access the produced Source Code material. The producing Party may visually monitor the activities of the receiving Party's representative during any review from outside the room in which the review is conducted, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code material; the producing Party may not monitor the activities in any way that permits the producing Party to view what is being specifically reviewed on the source code computer's screen by the receiving Party nor in any way that permits the producing Party to listen to or record any conversations within the room in which the Source Code material is reviewed. The producing Party will provide the receiving Party with an unmonitored breakout room. The receiving Party shall not be permitted to bring any materials from the review room into the breakout room except for hand-written notes, but can utilize other electronic devices not permitted in the review room (e.g., cell phones) in the breakout room.

(d)     The producing Party will make Source Code material available in computer searchable format in native format with the original file and path names, if reasonably available. Native format means electronic files containing native text not produced through any process involving optical character recognition.  The producing Party will place on the source code computer software that allows for the review of the source code and printing of the source code on the attached printer or saving electronic copies to a device capable of temporarily storing such electronic copies

(at the producing Party's option).  For clarity, if the producing Party elects to connect the source code computer to a device for saving electronic copies of files rather than a printer, the source code computer shall include software necessary to print portions of source code files to PDF.  The receiving Party's outside counsel and/or experts or consultants may request additional commercially available licensed software tools for reviewing and searching Source Code material be available on the source code computer (which approval shall not be unreasonably withheld). The receiving Party must provide the producing Party with a USB drive containing the software tools or a link for downloading the software tools, and any necessary licenses, at least 14 days in advance of the date upon which the receiving Party wishes to have the software tools available on the thin client. The Parties agree to install the following software tools without objection, provided they are compatible with the operating system of the source code computer: WinRar, 7-Zip, Notepad++, Power-Grep, QuickView+, Textpad, and TrueCrypt.

(e)     In addition to the source code computer, the producing Party shall make available a note taking computer, with a current widely used word processing program (e.g., Microsoft Word), for purposes of enabling the receiving Party's outside counsel and/or its experts to take notes relating to the Source Code material; alternatively (at the receiving Party's option), such notes may be taken by hand in a hard copy notebook. The receiving Party's outside counsel and/or experts may not copy the Source Code material into the notes.  Notes may include filenames, line numbers, directory names, module names, class names, parameter names, variable names, function names, method names, and/or procedure names, so long as they do not reproduce any line of Source Code material in its entirety.  The receiving Party shall be able to request a printed copy of the notes from the note taking computer from the producing Party at the end of the day.  The producing Party will provide a printout of the notes to the receiving party within three business

days.  The receiving Party may alternatively take handwritten notes.  Any such notes must be marked on each page with "Attorneys' Eyes Only - Source Code." Prior to removing any notes from the reviewing room, an individual affiliated with outside counsel to the producing Party, but not involved in the above-captioned matter, will be permitted to review the notes for the sole purpose of ensuring that no source code has been copied into the notes.  The note taking computer shall not be connected to the Internet or used to transmit any material except as provided herein. Other than the note taking computer, no recordable media or recordable devices, including without limitation sound recorders, computers, cell phones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted in the review room.

(f)     No electronic copies of Source Code material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed, served, or presented to the Court electronically.

(g)     The receiving Party shall be permitted to have a reasonable number[2] of printouts and photocopies of Source Code Material if such printouts and photocopies are (i) necessary for use as exhibits at trial; (ii) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report); or (iii) necessary for deposition. The receiving Party shall not request printouts for the purposes of reviewing the source code. All such printouts and photocopies shall be designated and clearly labeled "Attorneys' Eyes Only – Source Code," and the receiving Party shall maintain a log of all such files that are printed or photocopied.  Printouts of Source Code material shall not be removed from the secure review room by the requesting Party; instead,

---

[2]     Printing less than 200 pages of Source Code material total, and no more than 20 consecutive pages of Source Code material from any single file, shall be presumed reasonable. Requests in excess of this total are not permitted absent agreement of the producing Party, which shall not be unreasonably withheld, or an order from the Court.

the requesting Party will leave any printouts or any electronic copies saved by the requesting Party on a device capable of temporarily storing electronic copies in the secure review room at the conclusion of the day and will notify the producing Party that printouts are requested. The producing Party will notify the requesting Party of any objections to the printouts within 5 business days after the request; any non-objected to printouts shall be sent to the requesting Party within 5 business days of the request. In the event of a dispute, the Parties will meet and confer within 3 business days of the objection being raised. If the Parties cannot resolve the dispute, the receiving Party will raise it with the Court.

(h)     The receiving Party shall ensure that all Qualified Persons receiving printouts or photocopies of Source Code material keep the printouts or photocopies in a secured locked area in their respective offices. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition). Except as permitted in paragraph 8(f), printouts and photocopies of Source Code material may not be scanned, photographed, or otherwise transferred back to electronic media.  The receiving Party shall also maintain a log of all printouts or copies made of Source Code material, and the identities of those individuals having access to such printouts or copies.

(i)     Access to Source Code material, including printouts, shall be limited to outside counsel and up to five outside consultants or experts (who are not existing employees or affiliates of a Party) retained for the purpose of this litigation and qualified to access Classified Material. A

receiving Party may include excerpts of Source Code material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the Source Code material is appropriately marked under this Protective Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.

**9.      Unintentional Disclosures**

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving Party.

If a receiving Party learns of any unauthorized disclosure of Classified Information, the receiving Party shall immediately upon learning of such disclosure inform the producing Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

**10.     Documents Produced for Inspection Prior to Designation**

If documents are produced for inspection prior to designation, the documents shall be treated as "For Counsel Only" during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential," "For Counsel Only," or "Attorneys Eyes Only" by the producing Party.

**11.     Consent to Disclosure and Use in Examination**

Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if each Party designating the information as Classified Information consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this Protective Order prevent any counsel of record from utilizing Classified

Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which Party produced such information.

### 12.   Challenging the Designation

a)  *Classified Information.*

A Party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. If any Party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the Parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the challenging Party may move the Court for an order removing or downgrading the designated status of the disputed information.

b)  *Qualified Persons.*

If any Party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the Parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting Party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the Court for an order denying the disputed person's (i) status as a Qualified Person, or (ii) access to particular Classified Information. The objecting Party shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting

Party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the Court enters an order resolving the dispute.

### 13.     Manner of Use in Proceedings

If a Party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the Party shall do one of the following: (i) with the consent of the producing Party, file only a redacted copy of the information; (ii) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (iii) file such information under seal with the Court consistent with the sealing requirements of the Court.

### 14.     Filing Under Seal

The clerk of this Court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any Party to this litigation consistent with the sealing requirements of the Court.

### 15.     Return of Documents

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing Party or destroyed, except as this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain deposition transcripts and exhibits, pleadings, attorney work product including document indices,

so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

### 16.   Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (i) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (ii) a Party may seek the written permission of the producing Party or order of the Court with respect to dissolution or modification of this, or any other, protective order.

### 17.   Advice to Clients

This Protective Order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any Party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this Protective Order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another Party if such disclosure would be contrary to the terms of this Protective Order.

### 18.   Duty to Ensure Compliance

Any Party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

### 19.   Waiver

Production of Classified Information by any Party or nonparty shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the producing Party may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

20.     **Patent Prosecution**

Any attorney representing a Party in this litigation, whether in-house or outside counsel, and any person associated with a Party and permitted to receive another Party or a third party's technical information that is designated "For Counsel Only," "Attorneys' Eyes Only," or "Attorneys' Eyes Only – Source Code" (collectively "Highly Sensitive Material"), who reviews, in whole or in part, "Highly Sensitive Material" under this Protective Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to computer networking. This provision does not prohibit the Parties' counsel of record or experts in this action from participating in or representing a Party in reexamination proceedings, Post-Grant Review proceedings, *Inter Partes* Review proceedings, or Covered Business Method Review proceedings involving the patents-in-suit, provided they (i) do not rely upon or use, directly or indirectly, Classified Information in those proceedings and (ii) do not advise on, consult on, prepare, draft, or edit any amendment to specifications or claims in those proceedings. This provision also does not prohibit the Parties' counsel of record or experts in this action from participating in or representing a Party in reexamination proceedings, Post-Grant Review proceedings, *Inter Partes* Review proceedings, or Covered Business Method Review proceedings involving patents that are not in the same family as the patents-in-suit. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to Highly Sensitive Material and any individuals who supervise or assist in the preparation or prosecution of any

patent application pertaining to the field of invention of the patent-in-suit. This provision will terminate one year after the conclusion of this litigation and any appeal related to it.

### 21.    Testifying Expert Discovery

Parties and testifying experts shall not be subject to discovery of any draft of testifying expert reports in this litigation, and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications between counsel for a Party, a Party's employees or representatives, and that Party's testifying expert(s) related to this case or the content of expert reports are exempt from discovery, except for communications providing information, facts, data, or assumptions relied on by the expert that are not otherwise disclosed in the expert's report or contained within materials identified within the expert's report (e.g., within a document listed in a section that identifies documents considered by the expert in forming his or her opinion). All materials generated by a testifying expert with respect to that person's work are also exempt from discovery unless they identify facts, data or assumptions relied on by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report. Notwithstanding the foregoing, details concerning an expert's compensation arrangements and compensation remain discoverable.

### 22.    No Privilege Waiver

Nothing in this Protective Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine,

or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return or destruction of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any copies that cannot be returned or pages containing privileged or otherwise protected markings by the recipient(s), which copies or pages shall instead be destroyed and certified as such to the producing Party.

### 23.    Third Party Discovery

If any discovery is taken of persons who are not Parties to this lawsuit ("Third Parties") and if such Third Parties contend that the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may designate such discovery under this Protective Order.

### 24.    Privilege Logs

Except as required to comply with any disclosure requirements relating to any opinion of counsel defense, no Party shall be required to log any privileged communication or document taking place or created on or after March 13, 2021, the date of the filing of the Complaint for Patent Infringement in this lawsuit.

### 25.    Pretrial Discovery

This Protective Order applies to pretrial discovery. Nothing in this Protective Order shall be deemed to prevent the Parties from introducing any Classified Information into evidence at the trial of this lawsuit, or from using any information contained in Classified at the trial of this lawsuit,

subject to any pretrial order issued by this Court.

26.     **Modification and Exceptions**

The Parties may, by stipulation, provide for exceptions to this Protective Order and any

Party may seek an order of this Court modifying this Protective Order.

It is **SO ORDERED** this day of 15th, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

**APPENDIX A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

|  |  |
|---|---|
| **Sable Networks, Inc. and Sable IP, LLC,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **Cloudflare, Inc.,** <br><br> **Defendant.** | **Civil Action No. 6:21-cv-00261-ADA** <br><br> **JURY TRIAL DEMANDED** |

**UNDERTAKING REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1.      My address is _____. My current employer is _____. My current occupation is _____.

2.      I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.      I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "Confidential," "For Counsel Only," "Attorneys' Eyes Only," or "Attorneys' Eyes Only – Source Code" that is disclosed to me.

4.      Promptly upon termination of this action, I will return all documents and things designated "Confidential," "For Counsel Only," "Attorneys' Eyes Only," or "Attorneys' Eyes Only – Source Code" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed, or I will destroy all such documents and things and certify such destruction to said outside counsel.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____       Date _____