# IN THE UNITED STATES DISTRICT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| Sable Networks, Inc. and<br>Sable IP, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>Cloudflare, Inc.,<br><br>    Defendant. | Civil Action No.<br>6:21-cv-00261-ADA-DTG<br><br>**JURY TRIAL DEMANDED**<br>**PUBLIC VERSION**<br>▮▮▮▮▮▮▮▮▮▮ |

**SABLE'S OPPOSITION TO CLOUDFLARE'S MOTION TO STRIKE AND COMPEL REGARDING PLAINTIFF'S SECOND AMENDED AND SUPPLEMENTAL PRELIMNARY INFINGEMENT CONTENTIONS**

# **TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................................. 1

FACTUAL BACKGROUND ........................................................................................................... 2

    I.    Sable's Preliminary Infringement Contentions............................................................. 2

    II.    Sable's Motion to Compel re: "Stream" and Cloudflare's Prior Motion to Strike and Compel............................................................................................................. 4

LEGAL STANDARD....................................................................................................................... 5

ARGUMENT..................................................................................................................................... 6

    I.    Cloudflare's Motion to Strike Should be Denied. ....................................................... 6

        A.    Sable's Amended and Supplemental Preliminary Contentions Are Consistent with this Court's OGP.................................................................... 6

        B.    Even Assuming the OGP Does Not Expressly Allow Sable's Amended and Supplemental Preliminary Contentions, Cloudflare's Motion to Strike Should Be Denied................................................................ 7

    II.    Cloudflare's Motion to Compel Should Be Denied..................................................... 10

        A.    Sable is Preparing Final Infringement Contention, and No Further Amendment is Warranted to Sable's Preliminary Contention...................... 10

        B.    Even if the Court Directs Sable to Further Amend or Supplement its Preliminary Contentions, the Court Should Reject Cloudflare's Inappropriate Attempt to Limit What is Included......................................... 11

CONCLUSION................................................................................................................................ 11

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*,
  6:07-CV-559, 2009 WL 81874 (E.D. Tex. Jan. 12, 2009) ..................................................7, 8

*Demaray LLC v. Intel Corp.*,
  No. 20-cv-00634-ADA, Dkt. 199 (W.D. Tex. Aug. 16, 2022)...........................................7, 10

*WSOU Invs. LLC v. OnePlus Tech. (Shenzhen) Co.*,
  No. 20-CV-00952-ADA, 2022 WL 174517 (W.D. Tex. Jan. 18, 2022) .........................6, 7, 10

# INTRODUCTION

Cloudflare's Motion To Strike And Compel Regarding Plaintiffs' Second Amended And Supplemental Preliminary Infringement Contentions (Dkt. 151) (the "motion") is unsupported and ignores Cloudflare's own numerous discovery delays and deficiencies. Just as this Court did with Cloudflare's prior motion to strike and compel, submitted to the Court via the discovery dispute email process on September 12, and which was based on the same facts and arguments, Cloudflare's motion should be denied.

Sable does ***not*** accuse "every" Cloudflare "product" of infringement, and Cloudflare knows that. Indeed, as explained in further detail below, before this motion was filed, Sable met and conferred with Cloudflare and confirmed as much. Similarly, while Cloudflare purports to suffer from lack of "notice," Sable offered to discuss Cloudflare's specific concerns on a meet and confer, but that offer was flatly rejected. Instead, Cloudflare stated that unless Sable entirely withdrew certain aspects of its contentions, Cloudflare considered the meet-and-confer process done. Even more, as this Court already recognized in denying Cloudflare's prior motion, Sable's contentions are still "preliminary," with "final" contentions not due until October 28.[1] *See* Ex. 11 to Dkt. 151 (Hearing Transcript) at 33, ll. 12-15.

On the other hand, Cloudflare's own delays and discovery deficiencies have hindered Sable's ability to develop its case. Sable has had to file (and win) multiple motions to compel, including in relation to the Stream functionality that Cloudflare's motion contends has not yet been sufficiently charted. Indeed, Cloudflare failed to even comply with the resulting Court order until ***after*** Cloudflare filed the instant motion. Even more, in the weeks since Sable served its supplemental infringement contentions, Cloudflare has produced more than 17,000 additional pages

---

[1] Due to Cloudflare's deficiencies described herein, and as Sable noted to the Court at the end of the October 3 summary judgment and *Markman* hearing, Sable is also working with Cloudflare to extend the current October 28 deadline. *See* Dkt. 119.

1

of technical documents, as well as extensive additional source code. Cloudflare's motion is not supported by the actual record, is without legal support, and should be denied.

## FACTUAL BACKGROUND

I. **Sable's Preliminary Infringement Contentions**

Cloudflare operates a global network of edge servers used to efficiently route its customers' data. *See, e.g.*, Exhibit 1[2] (Cloudflare blog post entitled *Cloudflare's Gen X: Servers for an Accelerated Future*). Cloudflare markets to the public that this network of edge servers runs all of the various functionalities Cloudflare provides. *See id.* ("Every server can run every service."). Thus, Sable's "original preliminary infringement contentions" accused Cloudflare's network of edge servers of infringement, where those servers incorporated functionality satisfying the asserted claims. Consistent with Cloudflare's own language describing itself, Sable's contentions have always focused on how "traffic [is] routed through [Cloudflare's] intelligent global network." *See* Ex. 2 (Cloudflare 2022 First Quarter Financial Report) at 4.

While Sable attempted to provide specificity where possible in its original preliminary infringement contentions—for example the initial '919 chart accused Cloudflare's edge servers "which include functionality for transmitting a data flow over a network connection including Cloudflare Magic Transit," (*see* Ex. 21 to Dkt. 151 (Sable's original Preliminary Infringement Contentions for the '919 patent) at 2)—Sable was also clear that the preliminary contentions were made based on publicly available information then known to Sable. *Id*.

As discovery progressed, Sable requested material related to functionality using Cloudflare's marketing terminologies for certain functionalities, such as "Stream." *See, e.g.*, Ex. 3 (Hipskind e-mail to Bovenkamp) at 6 (requesting that source code for Stream be made available for

---

[2] Unless otherwise noted, all Exhibit cites herein are to the Declaration of John K. Harting, filed concurrently herewith.

review). Cloudflare objected, arguing that those functionalities were not accused of infringement because they were not individually identified in Sable's preliminary contentions. *See id.* (Bovenkamp e-mail to Hipskind) at 5 (refusing to make Stream source code available because "all relevant code (i.e., the code related to what Sable has actually accused of infringement in its contentions) has been and remains available for review").

Cloudflare also separately requested that Sable supplement its preliminary infringement contentions to address alleged deficiencies. *See* Ex. 4 (Nelson e-mail to Harting) at 2 (seeking a commitment from Sable to supplement infringement contentions). Sable agreed to supplement, and in those amended and supplemented contentions attempted to address Cloudflare's expressed concerns, and also specifically identified Stream and other Cloudflare marketing names. *See* Ex. 7 to Dkt. 151 (Sable's amended contentions charting the '431 patent) at 2; Ex. 8 to Dkt. 151 (amended contentions charting the '919 Patent) at 2; Ex. 9 to Dkt. 151 (amended contentions charting the '593 Patent) at 2.

Given Cloudflare's position that the "accused products" are not the edge servers, but instead certain functionalities associated with marketing names assigned by Cloudflare (e.g. Stream or Magic Transit), Sable's amended and supplemental contentions were also revised to make clear that the accused products include, e.g. for the '919 patent, "(a)ll Cloudflare services utilizing Cloudflare Gen 6 Edge Servers, Gen 7 Edge Servers, Gen 8 Edge Servers, Gen 9 Edge Servers, Gen 10 Edge Servers, and Gen 11 Edge Servers which include functionality for transmitting a data flow over a network connection including, but not limited to Cloudflare Magic Transit and/or Stream (collectively, the 'Cloudflare '919 Product(s)' or 'Cloudflare Product(s)')." *See* Ex. 8 to Dkt. 151 (amended contentions charting the '919 patent) at 1.[3]

---

[3] Thus, Cloudflare's assertion in its motion that "every" Cloudflare product has been accused of infringement is clearly inaccurate and the result of careful editing from the complete description found in Sable's contentions.

3

After serving its amended and supplemental contentions, Sable's counsel also provided to Cloudflare a certification pursuant to this Court's Order Governing Proceedings confirming that it undertook reasonable efforts to prepare its preliminary contentions and that any amendment is based on material identified after those preliminary contentions were served. *See* Ex. 18 to Dkt. 151 (Certification of Daniel Hipskind).

Thus, in total, Sable's amended and supplemental preliminary contentions were produced to provide additional detail, as previously requested by Cloudflare, and to expressly identify Stream and other functionalities in response to Cloudflare's concerns that those functionalities, while related to how Cloudflare routes its data, were not expressly identified by name in the contentions.

## II. Sable's Motion to Compel re: "Stream" and Cloudflare's Prior Motion to Strike and Compel

As noted above, this Court has already denied what was essentially the same motion previously submitted by Cloudflare. To that end, a hearing was scheduled for September 13, 2022, to address a discovery dispute submitted by Sable to the Court to address Cloudflare's refusal to produce documents and code related to the "Stream" functionality directly implicated by Cloudflare's instant motion. *See* Ex. 5 (Sable submission to the Court); Dkt. 128 (ECF entry noting hearing). The night before that hearing, Cloudflare also submitted what it fashioned as a motion to strike and compel related to Sable's then-recently served Second Amended and Supplemental Initial Infringement Contentions. *See* Ex. 6 (Cloudflare submission to the Court).

During the hearing, the parties argued the merits of both Sable's motion to compel and Cloudflare's motion to strike and compel. *See* Ex. 11 to Dkt. 151 (Hearing Transcript). Sable's motion to compel was granted, and Cloudflare's motion to strike and compel was denied without prejudice. Dkt. 150.

Moreover, during the hearing, Judge Gilliland made clear his skepticism about the timing of

4

Cloudflare's motion to strike and compel,[4] due both to the still-"preliminary" nature of Sable's amended contentions and the fact that Sable would soon be serving *final* infringement contentions. *See* Ex. 11 to Dkt. 151 (Hearing Transcript) at 33, ll. 12-15 ("because they're preliminary . . . contentions, I think there's a little more leeway with those than if we were talking final contentions.").

After the Court's ruling, Sable met and conferred with Cloudflare regarding the scope of Cloudflare's ordered production, and confirmed that Sable was **not** requesting code regarding all Stream functionality, such as that related to "editing" videos, but instead was focused on how the data is uploaded and sent out over Cloudflare's network. *See* Harting Decl.¶ 3.

Cloudflare then brought the instant motion on September 30, the Friday before the Court's summary judgment and *Markman* hearing, and prior to Cloudflare's production of the Stream-related documents and code the Court ordered Cloudflare to produce. Dkt. 151.[5] While largely repeating the substance of its prior email submission, Cloudflare's instant motion shifts its request for relief. Cloudflare now asks (1) for Sable's amended infringement contentions to be stricken ***entirely***, and (2) for an order compelling Sable to re-submit amended preliminary infringement contentions limited to certain products and functionalities. Dkt. 151 at 13.

## LEGAL STANDARD

In deciding whether to strike contentions, this Court considers "(1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the

---

[4] Specifically, Cloudflare asked the Court to strike "all Accused Products—other than Cloudflare's edge servers incorporating XDP/eBPF, Magic Transit, and DDoS Protection" from Sable's amended contentions and for an "[o]rder that Sable must serve updated preliminary infringement contentions, separately charting where in each accused product each element of each asserted claim is found." Ex. 6.

[5] Cloudflare's delay in producing the Court-ordered documents and code related to "Stream" was raised by Sable's counsel at the end of the October 3 *Markman* and Summary Judgment hearing, resulting in Judge Gilliland editing the Court's then still draft order to require production by October 7. *See* Dkt. 150 (Discovery Order) at 1.

5

availability of lesser sanctions; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings." *WSOU Invs. LLC v. OnePlus Tech. (Shenzhen) Co.*, No. 20-CV-00952-ADA, 2022 WL 174517, at *2 (W.D. Tex. Jan. 18, 2022).

The sufficiency and timing of infringement contentions, both preliminary and final, is also governed by this Court's Standing Order Governing Proceedings—Patent Cases ("OGP") (citations to the OGP hereinafter made to Version 4.2 as issued on September 16, 2022). Prior to any discovery being taken, this Court directs plaintiffs to "serve preliminary infringement contentions chart setting forth where in the accused product(s) each element of the asserted claim(s) are found" (OGP at 2), and to then serve "(f)inal" infringement contentions no later than 8 weeks after the parties' *Markman* hearing (OGP at 14).

The Court allows a plaintiff to "amend preliminary infringement contentions … without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material." OGP at 12.

## ARGUMENT

### I. Cloudflare's Motion to Strike Should be Denied.

#### A. Sable's Amended and Supplemental Preliminary Contentions Are Consistent with this Court's OGP.

As explained above, Sable's second amended and supplemental preliminary contentions were provided at Cloudflare's own request. *See* Ex. 2 (Nelson e-mail to Harting). Moreover, Sable's contentions are still preliminary in nature, with final contentions not due until October 28. *See* Dkt. 106; Dkt. 119. Thus, Sable's second amended and supplemental preliminary are squarely within the types of supplements or amendments contemplated by this Court's OGP.

6

Before the September 13 discovery hearing, counsel for Sable also certified that reasonable efforts were undertaken in preparing Sable's preliminary contentions and that any changes reflected in the amended contentions were seasonable and based on new materials identified in discovery since serving the preliminary contentions. Ex. 18 to Dkt. 151 (Certification of Daniel Hipskind). This is precisely what the OGP requires, and Cloudflare's motion should be denied. *See* OGP at 12.

### B. Even Assuming the OGP Does Not Expressly Allow Sable's Amended and Supplemental Preliminary Contentions, Cloudflare's Motion to Strike Should Be Denied.

In deciding whether to strike contentions, this Court considers "(1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings." *WSOU Invs. LLC v. OnePlus Tech. (Shenzhen) Co.*, No. 20-CV-00952-ADA, 2022 WL 174517, at *2 (W.D. Tex. Jan. 18, 2022). Here, each of the factors supports denying Cloudflare's motion.

*First*, as noted above, Sable's counsel submitted a declaration attesting to the fact that that reasonable efforts were undertaken in preparing Sable's preliminary contentions and that any changes reflected in the amended contentions were seasonable and based on new materials identified in discovery since serving the preliminary contentions. Ex. 18 to Dkt. 151 (Certification of Daniel Hipskind).

*Second*, as this court has previously recognized, striking contentions is an extreme sanction, particularly when those contentions are still "preliminary" in nature, as Sable's are here. *See, e.g.*, *Demaray LLC v. Intel Corp.*, No. 20-cv-00634-ADA, Dkt. 199 at *3 (W.D. Tex. Aug. 16, 2022). While Cloudflare relies heavily on the *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.* decision, the facts of that case stand in stark contrast to the reality of this case, where the plaintiff in *Davis-Lynch* originally charted 3 discrete products, and later sought to add *fifty-two* additional separate

7

product lines. No. CIV.A. 6:07-CV-559, 2009 WL 81874, at *2 (E.D. Tex. Jan. 12, 2009). Here, Cloudflare's functionality for routing data across its network has always been at issue.

***Third***, while Cloudflare alleges unfair prejudice, the record actually reflects ongoing diligence by Sable in seeking the discovery necessary to fully develop its contentions, with some of that discovery (including discovery Cloudflare was ordered by the Court to produce) still outstanding at the time Cloudflare filed the instant motion. Indeed, since the time Sable served its amended and supplemental preliminary infringement contentions, Cloudflare has produced over 2,000 additional documents, spanning more than 17,250 pages, as well as multiple additional source code productions. Harting Decl. ¶ 4. These documents have been produced across 11 separate productions, often not made until specific follow-ups are sent by Sable, which is consistent with Cloudflare's practice of trying to drag out its productions as long as possible, and not producing all documents together such that they can be reviewed in a coherent and consistent manner. Thus, Cloudflare's own delays are the primary driver in terms of the timing of Sable's amended and supplemental preliminary contentions.[6]

Moreover, while Cloudflare complains nearly a dozen times in its motion that Sable's amended and supplemental preliminary infringement contentions allegedly accused "every" Cloudflare product of infringement, Cloudflare knows this is not true. As just one example, after the Court ordered the production of Stream-related code and technical documents, Sable met and conferred with Cloudflare and confirmed that Sable was not seeking discovery into functionality related to, e.g., editing video, but was instead focused on functionality related to uploading and transmitting data. *See* Harting Decl. ¶ 3.

---

[6] Cloudflare has repeatedly asserted that it made some source code available in 2021. *See e.g.*, Dkt. 151 at 3. But as Sable has repeatedly explained, that code production was both incomplete (*see, e.g.* Dkt. 150 (ordering production of additional code)), and Cloudflare had not yet produced the technical documents necessary to understand and review that code. Cloudflare's argument is essentially a red-herring.

8

While Cloudflare also suggests it is prejudiced because it may have done things differently in this case had Sable's current preliminary contentions been provided sooner, Cloudflare neither provides any specifics of what would have actually changed, nor does Cloudflare argue it does not have sufficient time to remedy any perceived issues. This is not surprising, given Sable's contentions from the beginning have focused on how, as Cloudflare itself describes it, "traffic [is] routed through [Cloudflare's] intelligent global network," (Ex. 2 (Cloudflare 2022 First Quarter Financial Report) at 4), and where Cloudflare itself markets its network as one large intelligent global network that all supports the same routing functionality. Ex. 1 (Cloudflare blog post entitled *Cloudflare's Gen X: Servers for an Accelerated Future*).

To that end, **fourth**, as Judge Gilliland recognized when denying Cloudflare's original motion to strike and compel, the case is still in its relatively early stages. Fact discovery does not close until 2023, and the instant motion was filed before the *Markman* hearing took place, and indeed even before Cloudflare had completed its court-ordered production of "Stream" related documents and code. It strains credibility for Cloudflare to file a motion complaining about the sufficiency of Sable's Stream-related disclosures **while at the same time failing to have complied with a Court order to produce** Stream-related documents and code.

As Judge Gilliland also noted, these are **preliminary** contentions. Just as Sable committed to doing when Cloudflare filed its original motion to strike and compel, Sable again agrees to work with Cloudflare to address and specific concerns Cloudflare has with Sable's contentions. But, Cloudflare does not actually seem interested in that type of solution. To the contrary, during the original meet-and-confer related to Cloudflare's first motion to strike and compel, when asked whether there were any specific concerns the parties should discuss, Cloudflare instead demanded that Sable withdraw its contentions entirely. *See* Harting Decl. ¶ 2. When Sable refused to do so, Cloudflare declared the meet-and-confer process complete. *Id*. Cloudflare's refusal to actually

9

discuss specific concerns, but to instead limit any discussions to Sable withdrawing its contentions entirely, undermines the credibility of Cloudflare's current motion and instead suggests Cloudflare is seeking something akin to a summary judgment ruling precluding assertion against certain functionalities. As this Court has recognized, such an outcome is drastic and disfavored, particularly at this stage in a proceeding. *See Demaray*, No. 20-cv-00634-ADA, Dkt. 199 at *3 (W.D. Tex. Aug. 16, 2022).

Cloudflare's motion to strike should again be denied.

## II. Cloudflare's Motion to Compel Should Be Denied.

### A. Sable is Preparing Final Infringement Contention, and No Further Amendment is Warranted to Sable's Preliminary Contention.

The Court should also decline to compel anything further from Sable's preliminary contentions. While Cloudflare's motion purports to identify multiple specific deficiencies in Sable's amended and supplemental preliminary infringement contentions, Sable will soon be serving final infringement contentions in which Sable intends to incorporate source code as well as additional documents recently produced by Cloudflare. Thus, and while Sable continues to believe Cloudflare's alleged deficiencies are without merit, such deficiencies should be addressed after Sable is able to incorporate the additional recently produced discovery into its final contentions.

Moreover, Cloudflare's motion does not cite a single case related to the insufficiency of ***preliminary*** contentions. Indeed, the only case cited by Cloudflare in support of its motion to compel, *WSOU*, explicitly declined to strike or compel further amendments to the plaintiff's preliminary contentions ***because the contentions at issue were preliminary and final contention were forthcoming***. 2022 WL 174517 at *2 ("Of important note, the infringement contentions currently in dispute are ***preliminary*** infringement contentions.") (emphasis original).

That Cloudflare disagrees with Sable's infringement theories does not render the preliminary contentions deficient. Rather, Sable's preliminary contentions far exceed the level of

10

specificity required by this Court for infringement contentions—particularly where, as here, the contentions are preliminary and fact discovery remains open until next year. *See* Dkt. 106; Dkt. 119. Moreover, Sable expects its final contentions to incorporate additional documents and code, including at least some portions of the Stream-related code produced after this motion was filed. If, at that time, Cloudflare still has concerns, the parties can revisit the issue in an attempt to resolve them.

      **B.    Even if the Court Directs Sable to Further Amend or Supplement its Preliminary Contentions, the Court Should Reject Cloudflare's Inappropriate Attempt to Limit What is Included.**

Cloudflare's motion to compel also appears to request that this Court impose limitations on the product names that Sable can include in such an amendment. Dkt. 151 at 13 (requesting an order to "direct Sable to serve a coherent, updated set of preliminary infringement contentions, separately and coherently charting where ***in Cloudflare's edge servers, Magic Transit, and DDoS protection*** each element of each asserted claim is found") (emphasis added). This request is without support, and indeed, Cloudflare cites no authority whatsoever in arguing for it.

As explained above, limiting Sable's further infringement contentions to "Cloudflare's edge servers, Magic Transit, and DDoS protection," would amount to summary judgment, precluding Sable from asserting infringement against other product names embodying the accused functionalities. This would be wholly inappropriate at this stage in the litigation, and in any event, Cloudflare's scant briefing is inadequate to support such a dispositive request. The Court should deny the request.

## CONCLUSION

For the reasons discussed above, the Court should deny Cloudflare's motion.

Dated: October 14, 2022						Respectfully,

> By: */s/ Elizabeth L. DeRieux*
> Elizabeth L. DeRieux (TX Bar No. 05770585)
> **CAPSHAW DERIEUX, LLP**
> 114 E. Commerce Ave.
> Gladewater, Texas 75647
> Telephone: 903-236-9800
> Facsimile: 903-236-8787
> E-mail: ederieux@capshawlaw.com
>
> **ROBINS KAPLAN LLP**
> Christopher K. Larus (MN SB No. 0226828)
> (admitted *pro hac vice*)
> John K. Harting (MN SB No. 0392234)
> (admitted *pro hac vice*)
> Jessica L. Gutierrez (MN SB No. 0396359)
> (admitted *pro hac vice*)
> Spencer R. Davis-VanNess (MN SB No. 0402894)
> (admitted *pro hac vice*)
> 800 LaSalle Avenue, Suite 2800
> Minneapolis, Minnesota 55402
> Telephone: (612)349-8500
> Facsimile: (612) 339-4181
> Clarus@RobinsKaplan.com
> JHarting@RobinsKaplan.com
> JGutierrez@RobinsKaplan.com
> SDavis- Van Ness@RobinsKaplan.com
>
> **BERGER & HIPSKIND LLP**
> Dorian S. Berger (CA SB No. 264424)
> Daniel P. Hipskind (CA SB No. 266763)
> 9538 Brighton Way, Suite 320
> Beverly Hills, California 90210
> Telephone: 323-886-3430
> Facsimile: 323-978-5508
> E-mail: dsb@bergerhipskind.com
> E-mail: dph@bergerhipskind.com
>
> *Attorneys for Sable Networks, Inc. and Sable IP, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2022, I caused a true and correct copy of the foregoing document, Sable's Opposition to Cloudflare's Motion To Strike And Compel Regarding Plaintiffs' Second Amended And Supplemental Preliminary Infringement Contentions, to be served via email on counsel of record.

Dated: October 14, 2022                 */s/ Elizabeth L. DeRieux*