**public version**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| Sable Networks, Inc. and Sable IP, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>Cloudflare, Inc.,<br><br>Defendant. | Civil Action No.<br>6:21-cv-00261-ADA-DTG<br><br>JURY TRIAL DEMANDED |

### DEFENDANT CLOUDFLARE, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE AND COMPEL REGARDING PLAINTIFFS' SECOND AMENDED AND <u>SUPPLEMENTAL PRELIMINARY INFRINGEMENT CONTENTIONS</u>

CHARHON CALLAHAN
ROBSON & GARZA, PLLC

STEVEN CALLAHAN
CHRISTOPHER T. BOVENKAMP
ANTHONY M. GARZA
C. LUKE NELSON
MITCHELL R. SIBLEY
JOHN HEUTON

*Counsel for Defendant Cloudflare, Inc.*

October 21, 2022

Defendant Cloudflare, Inc. ("Cloudflare") files this Reply in Support of its Motion to Strike and Compel Regarding Plaintiffs Sable Networks, Inc. and Sable IP, LLC's (collectively, "Sable") Second Amended and Supplemental Preliminary Infringement Contentions (the "New Contentions"), and respectfully shows as follows:

## I. THE COURT SHOULD STRIKE SABLE'S NEW CONTENTIONS

Sable did not show that its New Contentions, served without leave, comply with the Court's certification requirements. ECF No. 72 at 11 n. 8; *see also* ECF No. 63 at 1 n.1 (same). The New Contentions are explicitly based on documents *publicly available before Sable filed suit.* Mot. at 6. Sable's Opposition (ECF No. 152) ignores the significant delay in its service of the New Contentions despite Cloudflare's repeated identification of deficiencies[1] and timely production of technical documents[2] and source code (code that went unreviewed for almost *one year*).[3] Sable also does not dispute evidence of its lack of effort in preparing the Original Contentions as reflected, for example, in the '919 contentions being *cut-and-pasted* from a completely different patent. Ex. 1 at 1; Mot. at 6 & 6 n.3. And Sable does not explain why it discloses *no* theories of infringement for the new products it seeks to add to this case. Mot. at 8 (identifying complete lack of substantive disclosure for Stream, Stream Delivery, WARP, Magic Firewall, and Traffic Manager). Nor does Sable explain the inconsistencies in the Hipskind affidavit. Mot. at 6 & 6 n.4.

Instead, Sable attempts to blame Cloudflare. Opp. at 1-2, 8. But Cloudflare did nothing to prevent Sable from using the documents relied upon in the New Contentions at the time Sable prepared its Original Contentions. Cloudflare did nothing to stop Sable from looking at the relevant

---

[1] Ex. 1 at 1; Ex. 2 at 1. Exhibit numbers throughout reference the exhibits filed with the Motion.

[2] Mot. at 10 ("Cloudflare has produced thousands of pages of technical documents including source code for the accused products").

[3] Ex. 3 at 1; Mot. at 3.

1

source code for more than a year.[4] Nothing done by Cloudflare kept Sable from diligently preparing claim charts specific to the patents it asserted. And nothing done by Cloudflare prevented Sable from disclosing any theory at all for the new products it now seeks to add in the New Contentions.

Striking Sable's New Contentions is also warranted given the attempt to massively expand this case's scope. The plain language of the New Contentions attempts to accuse every Cloudflare service of infringing the asserted patents. Mot. at 2. Sable now claims it "does *not* accuse 'every' Cloudflare 'product' of infringement" and accuses Cloudflare of "careful editing." Opp. at 1 & 3 n.3 (emphasis in original). But Sable's New Contentions speak for themselves. Consider, for example, the first page of Exhibit A to Sable's New Contentions in which the "Accused Instrumentality" (including footnote 2) is literally as follows:

> Accused Instrumentality:[2] **All Cloudflare services utilizing** Cloudflare Gen 6 Edge Servers, Gen 7 Edge Servers, Gen 8 Edge Servers, Gen 9 Edge Servers, Gen 10, and Gen 11 Edge Servers which incorporate eXpress Data Path (XDP) / eBPF (extended Berkeley Packet Filter) packet processing, socket filtering, and rate limiting functionality (collectively, the "Cloudflare '431 Product(s)" or "Cloudflare Product(s)"). For avoidance of doubt, the Cloudflare '431 Products include **any Cloudflare products and services**, including but not limited to Stream, **that utilize** Cloudflare's network of Gen 6 Edge Servers, Gen 7 Edge Servers, Gen 8 Edge Servers, Gen 9 Edge Servers, Gen 10, and Gen 11 Edge Servers to process data flows as disclosed herein.
>
> [2] **All Cloudflare services utilize Cloudflare's network of edge servers**. *See Cloudflare's Gen X: Servers for an Accelerated Future*, Nitin Rao and John Graham-Cumming, CLOUDFLARE BLOG (Feb. 24, 2020), *available at*: https://blog.cloudflare.com/cloudflares-gen-x-servers-for-an-accelerated-future/ ("Every server can run every service."); *Protect all network traffic with Cloudflare*, Annika Garbers, CLOUDFLARE BLOG (Mar. 17, 2022), *available at*: https://blog.cloudflare.com/protect-all-network-traffic/ ("The 'Magic' is in our Anycast architecture: every server across our network runs every Cloudflare service . . . .").

Ex. 7 at 1, 1 n.2 (highlighting added). What Sable accuses is not "Cloudflare's functionality for routing data across its network" as Sable now claims, but as shown above "[a]ll Cloudflare services *utilizing* Cloudflare [edge servers] which incorporate [certain] functionality." *See also* Ex. 8 at 1 & 1 n.2 (same); Ex. 9 at 1 (identifying the Accused Instrumentality as "any Cloudflare products

---

[4] Sable claims it needed technical documents to review the source code, but having technical documents prior to a source code review is, at most, a cost-saving preference and convenience not a necessity. In any event, the "lack of technical documents" excuse is an after-the-fact justification. Sable did not bother to look at the source code for almost a year.

and services . . . that *utilize* Cloudflare's DDoS Protection") (emphasis added). Footnote 2 in Exhibits 7 and 8 emphasizes Sable's intention: "All Cloudflare services utilize Cloudflare's network of edge servers."

Sable's Opposition (at 2-3) suggests that Cloudflare's naming of its services obfuscates the underlying functionality or excuses Sable from identifying exactly what it is accusing. But Cloudflare's naming of its services identify discrete components of its infrastructure—e.g., Magic Transit, Argo Smart Routing, Stream, Stream Delivery, and various levels of DDoS Protection (e.g., dosd, flowtrackd, and Gatebot) are discrete services provided by Cloudflare and enabled by specific underlying technology. Infringement contentions are futile when they provide no notice. The Court should strike the New Contentions for their overbreadth and failure to provide any notice as to what Sable accuses of infringement.

## II.   THE SERIOUSNESS OF THE PREJUDICE WARRANTS STRIKING

The evidence supports striking Sable's New Contentions.

*First*, as discussed in the Motion and herein, the unrebutted evidence shows Sable's unreasonable delay and lack of diligence. *Second*, Sable's claim that striking its contentions is an "extreme sanction" (Opp. at 7) is contradicted by the Hipskind affidavit which states: "Sable's August 9, 2022 Supplemental Infringement Contentions do not identify any new accused 'products' as alleged by Cloudflare." Ex. 18 at ¶ 6. Thus, according to Sable, striking the New Contentions would not affect the scope of the case. *Third*, and most importantly, Sable's New Contentions unfairly prejudice Cloudflare. Sable does not address the specific instances of prejudice identified by Cloudflare including motion-to-transfer related issues. Mot. at 2, 7-8. The expansion of the case would have made additional California-based witnesses relevant. In addition, the New Contentions would have prompted additional prior-art searches based on prior art now being accused of infringement (e.g., the Linux kernel send-and-receive buffers) in the New Contentions. Sable claims

3

there is time to remedy these issues (Opp. at 7, 9), but the deadlines for claim construction, transfer motions, and prior-art disclosure are past. Discovery on third-party inventors is also complete and third-party prior-art subpoenas have been served. The significant third-party discovery that has occurred cannot be re-opened without significantly prejudicing those third parties.

**III.   THE COURT SHOULD REQUIRE SABLE TO DISCLOSE ITS INFRINGEMENT THEORIES**

Sable's New Contentions do not provide Cloudflare notice of Sable's infringement theories. Sable's Opposition did not substantively address this lack of notice. Instead, the Opposition (at 10-11) emphasizes that (i) the New Contentions are preliminary, (ii) Sable will "soon" serve final infringement contentions, and (iii) Sable "expects" its final infringement contentions to "incorporate additional documents and code."

These promises do not satisfy this Court's requirements that even preliminary infringement contentions provide notice. Sable has had the obligation since June 2021 to provide a "chart setting forth where in the accused product(s) each element of the asserted claim(s) are found." ECF No. 72 at 2. Sable failed to meet its burden. Mot. at 8-10 (identifying lack of infringement theory disclosure on a product-by-product basis in the '431, '919, and '593 patent charts). Cloudflare is not here quibbling about the merits of (or evidentiary support for) Sable's New Contentions. Cloudflare's complaint is that Sable has not articulated *any* theory of infringement for the accused products. And Sable does not substantively dispute this fact.

Instead, here again, Sable attempts to blame Cloudflare. Opp. at 1, 8. But in addition to being meritless, none of Sable's complaints have anything to do with the originally accused products including the Edge Servers, DDoS Protection, and Magic Transit. And, even if Cloudflare did not produce a single document relevant to the newly accused products, Sable still needed to form a good-faith belief of infringement before trying to add them to the case. Sable's New Contentions

4

do not even attempt to disclose a theory for the newly accused products. Mot. at 8 (identifying complete lack of substantive disclosure for Stream, Stream Delivery, Argo Smart Routing, WARP, Magic Firewall, and Traffic Manager).

## IV.   REQUEST FOR RELIEF

Cloudflare respectfully requests the following relief from the Court. *First*, Cloudflare requests that the Court strike Sable's improperly served New Contentions or, in the alternative, strike from Sable's New Contentions all newly identified products and services, including Stream, Stream Delivery, Argo Smart Routing, WARP, Magic Firewall, and Traffic Manager for which no theories of infringement are disclosed. *Second*, Cloudflare requests that the Court order Sable to serve contentions that disclose, for each accused product, a theory of infringement specific to that product, incorporating discovery to date including source code. For Stream, Stream Delivery, Argo Smart Routing, WARP, Magic Firewall, and Traffic Manager (if not stricken), Sable should provide infringement contentions that disclose an infringement theory specific to the accused functionality. Although there are many issues with the charted "theories," Sable should at least specifically address the following for each asserted patent:

- For the '431 patent, Sable should provide infringement contentions that identify the alleged buffer and microflow referenced across claim limitations 1[a]-1[d];

- For the '919 patent, Sable should provide infringement contentions that identify (i) the ingress and egress line card; and (ii) the functionality on each of those line cards that allegedly satisfy the claim limitations; and

- For the '593 patent, Sable should provide infringement contentions that disclose an infringement theory specific to dosd and/or flowtrackd.

5

Dated: October 21, 2022                 Respectfully submitted,

/s/ Steven Callahan

STEVEN CALLAHAN
  Texas State Bar No. 24053122
  scallahan@ccrglaw.com
CHRISTOPHER T. BOVENKAMP
  Texas State Bar No. 24006877
  cbovenkamp@ccrglaw.com
ANTHONY M. GARZA
  Texas State Bar No. 24050644
  agarza@ccrglaw.com
C. LUKE NELSON
  Texas State Bar No. 24051107
  lnelson@ccrglaw.com
MITCHELL R. SIBLEY
  Admitted *pro hac vice*
  Texas State Bar No. 24073097
  msibley@ccrglaw.com
JOHN HEUTON
  Admitted *pro hac vice*
  jheuton@ccrglaw.com
**CHARHON CALLAHAN**
**ROBSON & GARZA, PLLC**
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Telephone: (214) 521-6400
Telecopier: (214) 764-8392

*Counsel for Defendant Cloudflare, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on October 21, 2022, I served the foregoing by ECF and e-mail on the following counsel for Plaintiffs:

Dorian S. Berger, Esq.
Daniel P. Hipskind, Esq.
**BERGER & HIPSKIND LLP**
9538 Brighton Way, Ste. 320
Beverly Hills, California 90210
Telephone: (323) 886-3430
Telecopier: (323) 978-5508
dsb@bergerhipskind.com
dph@bergerhipskind.com

Christopher K. Larus, Esq.
John K. Harting, Esq.
Jessica L. Gutierrez, Esq.
Spencer R. Davis-VanNess, Esq.
**ROBINS KAPLAN LLP**
800 LaSalle Ave., Ste. 2800
Minneapolis, Minnesota 55402
Telephone: (612) 349-8500
Telecopier: (612) 339-4181
clarus@robinskaplan.com
jharting@robinskaplan.com
jgutierrez@robinskaplan.com
sdavis-vanness@robinskaplan.com

Elizabeth L. DeRieux, Esq.
**CAPSHAW DERIEUX, LLP**
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: (903) 845-5770
Telecopier: (903) 236-8787
ederieux@capshawlaw.com

STEVEN CALLAHAN