## IN THE UNITED STATES DISTRICT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| Sable Networks, Inc. and Sable IP, LLC, | Civil Action No. 6:21-cv-00261-ADA-DTG |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| Cloudflare, Inc., | |
| Defendant. | |

## PLAINTIFF SABLE'S OPPOSED MOTION FOR LEAVE
## TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS

## TABLE OF CONTENTS

**Page**

Introduction ................................................................................................................... 1

Factual Background ........................................................................................................ 2

Legal Standard ............................................................................................................... 5

Argument ....................................................................................................................... 7

    I.    Good Cause Exists to Grant Leave to Amend to Substitute and Re-Assert the
           Four '593 Claims ......................................................................................................... 7

    A.    Sable has Acted Diligently ...................................................................................... 7

    B.    Reasserting the '593 Claims is Important to Sable ................................................ 8

    C.    Cloudflare Will Suffer No Prejudice if the '593 Claims are Reasserted ............................ 10

    II.    Even Under This Court's Standard for Amending Final Contentions, Sable
           Should be Permitted to Substitute and Re-Assert the Four '593 Claims ............................ 13

Conclusion .................................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Boston Sci. Cor. v. Cook Grp. Inc.*,
  No. 1:17-cv-03448-JRS, Dkt. 449 (S.D. Ind. Aug. 16, 2021) (Ex. 13) ....................6, 8, 11, 13

*California Inst. of Tech. v. Broadcom Ltd.*,
  25 F.4th 976 (Fed. Cir. 2022) ..................................................................................................12

*Certusview Techs., LLC v. S&N Locating Servs., LLC*,
  No. 2:13-cv-346, 2014 WL 4930803 (E.D. Va. Oct. 1, 2014) .............................................8, 9

*Corel Software, LLC v. Microsoft Corp.*,
  2018 WL 5792323 (D. Utah Nov. 5, 2018) .........................................................6, 11, 13, 14

*EMED Techs. Corp. v. Repro-Med Sys., Inc.*,
  No. 2:15-cv-01167-JRG, 2018 WL 6440893 (E.D. Tex. Nov. 16, 2018) ...................... *passim*

*Epistar Corp. v. Lowe's Companies Inc.*,
  No. 6:20-cv-00420-ADA, Dkt. 67 (W.D. Tex. Aug. 4, 2021) (Ex. 14)..................................13

*Georgetown Rail Equip. Co. v. Holland L.P.*,
  No. 6:13-cv-366-JDL, 2014 U.S. Dist. LEXIS 198784 (5th Cir. Oct. 7, 2014) ....................14

*In re Katz*,
  639 F.3d 1303 (Fed. Cir. 2011)........................................................................................7, 8, 9

*Sioux Steel Co. v. Prairie Land Mill Wright Servs.*,
  No. 16-CV-2212, 2022 WL 4132441 (N.D. Ill. Sept. 12, 2022) ...........................................12

*ZiLOG, Inc. v. Quicklogic Corp.*,
  2006 WL 563057 (N.D. Cal. Mar. 6, 2006).................................................................6, 7, 8, 9

**Statutes**

35 U.S.C. § 315(e) ........................................................................................................................12

## INTRODUCTION

Plaintiffs Sable Networks, Inc. and Sable IP LLC (collectively, "Sable") respectfully request leave to amend Sable's preliminary infringement contentions to substitute in and re-assert claims 17, 18, 37, and 38 of U.S. Patent No. 8,243,593 ("the '593 Patent"). Sable originally asserted these claims, which depend from the currently-asserted claims 9 and 29, but dropped them pursuant to a previous iteration of the case scheduling order, in line with this Court's trial-narrowing requirements. Dkt. 25. On October 18, however, the Patent Trial and Appeal Board ("PTAB") issued a Final Written Decision, invalidating the currently asserted '593 claims, but finding Defendant Cloudflare, Inc. ("Cloudflare") failed to prove claims 17, 18, 37, and 38 invalid. As such, Sable requests leave to substitute claims 17, 18, 37, and 38 for the previously asserted claims.

Substitution of these four claims will not prejudice Cloudflare or unduly delay this litigation. Even after substituting in these four claims, Sable will only have 18 asserted claims. Moreover, by previously asserting charting these claims in this litigation, Sable put Cloudflare on notice of Sable's contentions. While this Court has already issued its *Markman* ruling, during the IPR process Cloudflare argued that claims 17 and 18 did ***not*** require any claim construction, and instead were subject to their plain and ordinary meaning. Cloudflare also identified function and corresponding structure in its IPR petition for the means plus function elements of claims 37 and 38—which both Sable and the PTAB adopted. Thus, no further claim construction will be needed in this Court. Nor will Sable seek any additional fact discovery based on the substituted claims, and none should be necessary because substitution of these four claims should not raise any new invalidity or non-infringement theories beyond those that Cloudflare has already asserted. Indeed, given the PTAB's Final Written Decision, Cloudflare is estopped from

pursuing any new invalidity grounds in this Court that it raised— or could have raised—in its IPR petition. As a result, the issues a jury will have to resolve regarding the '593 Patent are fewer than they were before the IPR proceeding resolved.

Finally, and most importantly, addressing these four claims in this case will allow the parties to fully resolve the present dispute in a single proceeding before this Court, without impinging on Sable's constitutional rights. As noted below, numerous other jurisdictions have found good cause to amend based on similar facts. The Court should grant Sable leave to amend its preliminary infringement contentions to substitute in and reassert dependent claims 17, 18, 37, and 38 of the '593 Patent.

## FACTUAL BACKGROUND

This case was filed on March 15, 2021. Dkt. 1. Sable's complaint alleged that Cloudflare infringed four asserted patents, including the '593 Patent.[1] Since that time, Sable has dropped one of the four patents, leaving three total patents, including the '593 Patent, as still asserted.

## I.   Sable's Preliminary Infringement Contentions

Sable served its original preliminary infringement contentions in this case on June 23, 2021. Ex. 1[2] (Preliminary Contentions). In its original preliminary infringement contentions, Sable asserted 98 claims across four patents, including the following 36 claims from the '593 Patent: 1-14, 16-21, 25-34, and 36-41. Ex. 2 ('593 claim chart).

Pursuant to the parties' then-agreed proposed scheduling order (Dkt. 25 at 2), on September 22, 2021, Sable reduced the number of asserted claims from 98 to 45. Ex. 3 (Hipskind Email). As part of this process, Sable dropped claims 17, 18, 37, and 38 from its contentions for

---

[1] As noted above, one patent, U.S. Patent No. 6,977,932, has since been dropped from this case, leaving three asserted patents remaining. Dkt. 65.
[2] Exhibits cited herein are attached to the declaration of John K. Harting, filed concurrently herewith. Citations to that declaration are indicated by "Harting Decl."

the '593 Patent. *Id.* The parties' then-agreed scheduling order, which required a reduction in

Sable's asserted claims by September 22, 2021, was drafted in line with this Court's

requirements to substantially narrow the number of asserted claims for trial. *See* Dkt. 27,

Appendix A.

Since that time, discovery has progressed, but the parties' final contentions, including

Sable's final infringement contentions are not due until December 9, 2022. Dkt. 157.

## II.     Cloudflare's Preliminary Invalidity Contentions

Shortly after Sable served the complaint in this case, in April, 2021, Cloudflare issued a

$100,000 "bounty" to anyone who could identify prior art references that resulted in the

invalidation of Sable's patents, including the '593 Patent. Ex. 4 (CLOUDFLARE00000394).

Cloudflare later served its preliminary invalidity contentions in this case on September 15, 2021.

Ex. 5. Cloudflare's preliminary invalidity contentions were served ***after*** Cloudflare filed its IPR

petition, but ***prior*** to Sable narrowing the asserted claims (which occurred on September 21,

2021). Thus, Cloudflare's preliminary invalidity contentions addressed claims 17, 18, 37, and 38.

Moreover, Cloudflare relied on overlapping art in both its IPR petition and in its preliminary

invalidity contentions in this case. *Compare* Ex. 5, Exhibit 593-1 (invalidity contentions relying

on Yung for claims 17, 18, 37, and 38), *with* Ex. 6 (IPR Petition) at 17 (relying on Yung for

claims 17, 18, 37, and 38).

Cloudflare's final invalidity contentions are not due until December 9, 2022. Dkt. 157.

## III.    Cloudflare's IPR Petition and the PTAB's Final Written Decision

Between the time that Sable served its preliminary infringement contentions and the time

Cloudflare served its preliminary invalidity contentions, Cloudflare also filed its IPR petition on

the '593 Patent. To that end, on May 7, 2021, a few weeks after putting out the above-referenced

$100,000 prior art bounty, Cloudflare petitioned the USPTO to institute IPR on the '593 Patent,

seeking to invalidate not just the asserted claims but instead every single claim of the '593

Patent—including claims 17, 18, 37, and 38. Ex. 6 at 16 ("Claims 1-44 are unpatentable for at

least the reasons below").

In its IPR Petition, Cloudflare argued that claims 37 and 38 should be construed as

means-plus-function claims and identified corresponding function and structure. Ex. 6 at 13-14.

Cloudflare also argued that "the remaining terms of the '593 Patent," which would include any

terms in claims 17 and 18, "should be given their plain and ordinary meaning under *Phillips*."

Ex. 6 at 12. Sable did not object to any of Cloudflare's claim construction positions, which were

adopted by the PTAB.[3] Ex. 7 (Final Written Decision) at 8-12.

After developing a complete record and conducting oral argument on Cloudflare's

invalidity arguments, the PTAB ultimately invalidated the currently asserted claims (3, 9, and

29) but held that Cloudflare failed to prove claims 17, 18, 37, and 38 are invalid. Ex. 7 at 46-47.

The PTAB's Final Written Decision issued on October 18, 2022. *Id.*

## IV.    Claims 17, 18, 37, and 38

Claims 17 and 18 are dependent method claims. Those claims are part of the following

chain of claims, each ultimately depending from currently asserted independent claim 9.

9 → 10 → 11 → 12 → 17 → 18

Ex. 8 ('593 Patent) at 12.

Similarly, claims 37 and 38, which are means plus function claims, are part of the

following chain of claims, each ultimately depending from currently-asserted independent

---

[3] While this Court's formal *Markman* ruling has not yet issued, the Court held its *Markman* hearing on October 3, 2022, and thereafter issued a short-form order rejecting Cloudflare's indefiniteness challenges to claims 9 and 29 of the '593 Patent. Dkt. 153. Claims 17 and 18 depend from claim 9, and claims 37 and 38 depend from claim 29.

claim 29.

29 → 30 → 31 → 32 → 37 → 38

*Id.* at 13.

At the time the PTAB issued its Final Written Decision, the only remaining claims from the '593 Patent asserted in this case were independent claims 3, 9, and 29. However, each of the claims in the chains of dependent claims were previously asserted by Sable, prior to narrowing its claims as required by the Court's then-model scheduling order. Ex. 2; Ex. 3. Moreover, claims 9 and 29 were already addressed by this Court at the *Markman* stage, when the Court rejected Cloudflare's argument that certain terms in those claims were indefinite. Dkt. 153.

**V.      The Instant Motion**

Three days after the PTAB issued its Final Written Decision, on October 21, 2022, Sable informed Cloudflare of Sable's intent to move the Court for leave amend its preliminary contentions to substitute in and re-assert the four valid '593 claims. Ex. 9 (Harting Email). The parties met and conferred on October 31, wherein Cloudflare stated its opposition to the motion, including based on various grounds noted below. Cloudflare then provided a follow-up with additional information on its positions on November 1 (Ex. 10), and this motion was filed three days later.

## LEGAL STANDARD

Under this Court's Standard Order Governing Proceedings, "[a]ny amendment [of preliminary infringement contentions] to add patent claims requires leave of court so that the Court can address any scheduling issues." OGP 4.2—Patent Cases, n.8. Beyond the Court's guidance in its OGPs, however, whether a plaintiff may amend its preliminary infringement contentions to reassert previously asserted patent claims, in view of IPR proceedings and before

the exchange of final infringement and invalidity contentions, appears to be an issue of first impression in this District.

Other district courts addressing whether to allow claims surviving patent office proceedings to be added or substituted into a plaintiff's amended contentions, however, have done so upon a showing of "good cause." *See, e.g.*, *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 2:15-cv-01167-JRG, 2018 WL 6440893, at *1–2 (E.D. Tex. Nov. 16, 2018) (finding good cause to assert new claim existed where "the need to assert claim 9 only became apparent after denial of [plaintiff's IPR] rehearing petition"); *Boston Sci. Cor. v. Cook Grp. Inc.*, No. 1:17-cv-03448-JRS, Dkt. 449 at *6 (S.D. Ind. Aug. 16, 2021) (slip op.) (Ex. 13) ("[F]undamental fairness dictates that Plaintiffs should be given [the] opportunity" to assert "additional claims . . . later upon a showing of good cause[.]"); *Corel Software, LLC v. Microsoft Corp.*, 2018 WL 5792323, at *2 (D. Utah Nov. 5, 2018) (finding good cause to substitute surviving claims where plaintiff's motion was triggered by PTAB's "favorable analysis of the patentability"); *ZiLOG, Inc. v. Quicklogic Corp.*, 2006 WL 563057, at *1 (N.D. Cal. Mar. 6, 2006) (permitting substitution of asserted claims where the plaintiff "promptly sought leave to amend" following reexamination proceedings).

In applying a "good cause" standard, courts consider (1) the moving party's diligence, (2) the importance of the reasserted claims, and (3) whether reassertion will unfairly prejudice the non-moving party. *See, e.g.*, *Boston Sci.*, No. 1:17-cv-03448, Dkt. 449 at *6; *Corel*, 2018 WL 5792323 at *2. Out of these factors, the moving party's diligence often carries the most weight. *See, e.g.*, *Boston Sci.*, No. 1:17-cv-03448, Dkt. 449 at*7 ("Generally, the 'good cause' standard primarily considers the diligence of the moving party."); *EMED*, 2018 WL 6440893 at *2.

Moreover, where the asserted claims are impacted by a Court's rules limiting the number

of asserted claims allowed at trial, it is important that the Court not apply too strict a test in analyzing whether to allow a change in the asserted claims, because limiting the number of claims in a plaintiff's case could render that plaintiff's exclusive property rights meaningless, particularly if a plaintiff is unable to re-assert claims dropped pursuant to a court's scheduling order. *In re Katz*, 639 F.3d 1303, 1311 (Fed. Cir. 2011) (a plaintiff is denied due process when a district court's claim selection procedure risks erroneously depriving it of its rights and the risk outweighs the added costs associated with a substitute procedure); *ZiLOG*, 2006 WL 563057, at *2 (granting motion to amend in to avoid "depriving Plaintiff of its constitutionally protected right to an adjudication on the merits").

## **ARGUMENT**

### I. **Good Cause Exists to Grant Leave to Amend to Substitute and Re-Assert the Four '593 Claims**

#### A.    **Sable has Acted Diligently**

Sable's instant motion satisfies the diligence factor. Diligence is measured from the time the Final Written Decision issues, thus triggering the apparent need to amend a plaintiff's contentions. *See, e.g.*, *EMED Techs.*, 2018 WL 6440893, at *2 (granting leave to amend where "the need to assert claim 9 only became apparent after [the conclusion of the IPR proceedings]"). Here, Sable's need to reassert claims 17, 18, 37, and 38 of the '593 Patent only became apparent after the PTAB confirmed the patentability of these four claims, while also finding the currently-asserted '593 claims invalid.

The PTAB's ruling issued on October 18. Within three days Sable provided notice to Cloudflare that Sable would seek to amend its preliminary contentions. Sable then exchanged correspondence with Cloudflare on the issue, and met and conferred on October 31. Harting Decl., ¶ 5. Cloudflare provided further support for Cloudflare's positions relevant to the instant

motion on November 1, and Sable filed this motion three days later. Sable has acted diligently. *See Boston Sci.*, No. 1:17-cv-03448, Dkt. 449 at *7 ("The IPR proceedings were resolved on January 21, 2021; by the time the case was reopened on February 17, 2021, Plaintiffs had already informed Defendants of their intent to reassert Claim 13 via a February 8, 2021 email. Plaintiffs then filed the instant motion to reassert on March 9, 2021."); *EMED*, 2018 WL 6440893, at *1-2 ("The [court] is not persuaded that Plaintiff lacked diligence" where it sought leave to amend almost three months after exhausting all appeals from IPR); *ZiLOG*, 2006 WL 563057 at *1 (finding diligence where plaintiff brought motion to amend approximately two months after reexamination).

### B.      Reasserting the '593 Claims is Important to Sable

The second good-cause factor—the importance of the amendment—also weighs in Sable's favor because substituting in and reasserting claims 17, 18, 37, and 38 both allows the Court to resolve the parties' entire dispute regarding the '593 Patent and is necessary to protect Sable's due process rights. *See Katz*, 639 F.3d at 1311-12.

Cloudflare challenged every claim of the '593 Patent during IPR, including each claim asserted in Sable's preliminary infringement contentions. Ex. 6 (Petition) at 1. Only claims 17, 18, 37, and 38 survived that challenge. While Sable had previously dropped those claims, it had only done so with this Court's ultimate narrowing requirements in mind. *See* Dkt. 27, Appendix A. Accordingly, precluding Sable from reasserting the '593 claims would nullify Sable's property rights in the '593 Patent, as due process compels that Sable's property rights be adjudicated on the merits. *See, e.g., Certusview Techs., LLC v. S&N Locating Servs., LLC*, No. 2:13-cv-346, 2014 WL 4930803, at *5 (E.D. Va. Oct. 1, 2014) ("[T]he Court remains mindful of the need to adequately protect [patentee's] due process rights because requiring [patentee] to limit the number of claims it might assert could prevent [patentee] from asserting viable,

nonduplicative claims. Therefore, in accordance with the Federal Circuit's decision in *Katz*, after selecting its claims [], [patentee] may move the Court for leave to assert any unselected claims upon a showing of good cause."); *ZiLOG*, 2006 WL 563057, at *2 (permitting plaintiff to add claims that survived *ex parte* reexamination where defendant's arguments were "insufficient to justify depriving Plaintiff of its constitutionally protected right to an adjudication on the merits"). If the Court denies Sable's motion, then the '593 Patent would be excluded entirely from the remainder of this litigation, despite the PTAB confirming the patentability of claims previously identified as infringed by Cloudflare.

The importance of the '593 Patent is underscored by the fact that it is unrelated to the remaining patents-in-suit (*i.e.*, U.S. Patent Nos. 6,954,431 ("the '431 Patent,") and 7,012,919 ("the '919 Patent")), involves different inventors, and has a different specification. Moreover, claims 17, 18, 37, and 38 present unique issues of liability and damages, as the life of the '593 Patent extends beyond that of the '431 and '919 Patents. If the Court denies Sable's request to reassert the '593 claims, then Sable will be unfairly precluded from recovering any damages for Cloudflare's past and continuing infringement of that entire patent. *See EMED*, 2018 WL 6440893, at *2 ("[W]ithout amendment, Plaintiff's case would be dismissed, and Plaintiff would lose any potential damages from alleged past infringement."). The detriment to Sable would be real, as the '593 Patent expires roughly 68 and 57 months after the '431 and '919 Patents, respectively. Thus, Sable's ability to assert the '431 and '919 Patents does not protect it from the loss of its due process rights if it were not permitted to assert the '593 Patent against Cloudflare in this litigation. *See Certusview*, 2014 WL 4930803, at *5.

It would be fundamentally unfair and unduly prejudicial for Cloudflare to benefit from the speed afforded to it in challenging all of Sable's asserted claims from the '593 Patent via

IPR, while simultaneously limiting Sable to its narrowed claims in this proceeding, where Sable's narrowing election was made prior to the IPR outcome and agnostic to any developments made before the PTAB. This factor weighs in favor of granting Sable's motion to re-assert claims 17, 18, 37, and 38.

### C.    Cloudflare Will Suffer No Prejudice if the '593 Claims are Reasserted

Cloudflare has been on notice of Sable's infringement theories for claims 17, 18, 37, and 38 since the nascent stages of this litigation. These four dependent claims were included in Sable's original preliminary infringement contentions, served on June 23, 2021. Ex. 2. Cloudflare even identified allegedly invalidating art over each of the claims in its preliminary invalidity contentions and petitioned for and litigated these claims in the IPR. Ex. 5 at 23; Ex. 6 at 17-18. Accordingly, Cloudflare cannot cry surprise or prejudice at being required to litigate these claims further.

Moreover, despite the progress the parties have made in litigating this case, fact discovery is far from over with a current deadline of January 9, 2023. Dkt. 106. But as the parties have previously noted to the Court, they are working on an updated schedule that will likely push that date out even further. Dkt. 157 n.1. Nor has Cloudflare exhausted its allotted discovery: it has served only 26 of its 30 interrogatories and used only about half of its total hours for depositions of fact witnesses. *See* Dkt. 72; Harting Decl. ¶¶ 2-3. Cloudflare also has not yet served Rule 30(b)(6) deposition topics, and expert discovery has not yet begun. *Id.*, ¶ 4; Dkt. 106 (setting the close of expert discovery for March 6, 2023).

During the meet-and-confer process, Cloudflare alleged that it would be prejudiced because it has already served, and third parties have already responded to, numerous third-party subpoenas including subpoenas addressing prior art. Harting Decl., ¶ 5. However, a review of Cloudflare's third party prior art subpoenas undermines this assertion, as none of those

subpoenas included technical topics specific to individual elements of the '593 claims, such as the elements implicated by the dependent claims at issue in this motion. Ex. 11 (NetScout Subpoena).

Cloudflare also alleged during the meet and confer process that it would be prejudiced by having to do additional work related to its invalidity and non-infringement positions. Harting Decl., ¶ 5. But such additional work is not properly considered "prejudice" under the Court's analysis. *Corel*, 2018 WL 5792323, at *3 ("[T]he inconvenience and expense required by additional discovery and briefing of the new issues does not generally rise to the level of *undue* prejudice.") (emphasis in original); *Boston Sci.*, No. 1:17-cv-03448, Dkt. 449 at*13 ("While there is no doubt that permitting Claim 13 to be reasserted will result in additional work for both the parties and the Court—making this case about two patents instead of just one—this is not 'prejudice' in this context."). Indeed, even if Sable were to re-assert the four '593 claims at issue in this motion, while also substituting out the three currently asserted independent claims, there still would only be a total of just 18 claims in the case, well-under the 45-claim limit the parties previously agreed to for this phase of the case. Dkt. 25-1; Ex. 12 (Hipskind Email).[4]

To that end, any incremental work regarding the substituted '593 claims would be inherently limited. Claims 17 and 18 depend from independent claim 9, while claims 37 and 38 depend from claim 29. Claims 9 and 29 were never dropped from the case and were the subject of dispute during claim construction, with the Court ultimately rejecting Cloudflare's indefiniteness challenges to both claims. Dkt. 153. *See EMED*, 2018 WL 6440893, at *2 (finding any prejudice minimized where claims at issue were dependent claims); *Boston Sci.*, No. 1:17-

---

[4] After dropping claims on September 21, 2021, in line with this Court's 45 claim limit, Sable also later dropped additional claims from its contentions as the IPR process proceeded and certain additional claims were disclaimed by Sable. *See* Harting Decl., ¶ 6.

cv-03448, Dkt. 449 at*14 ("Claim 13 was litigated in and survived the IPR proceedings; it is not 'prejudice' for [Defendant] to have to litigate Claim 13 in this case.").

Further, as to any additional work allegedly required to address its invalidity contentions, Cloudflare's argument is again undermined by the IPR estoppel that attaches following the PTAB's final written decision. 35 U.S.C. § 315(e). Cloudflare fully challenged claims 17, 18, 37, and 38 of the '593 Patent in the IPR and lost. Cloudflare is thus estopped from asserting any §§ 102 and 103 invalidity defenses that it did or reasonably could have raised in the IPR. *California Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 991 (Fed. Cir. 2022) ("[IPR] estoppel applies not just to claims and grounds asserted in the petition and instituted for consideration by the Board, but to all grounds not stated in the petition but which reasonably could have been asserted against the claims included in the petition."); *Sioux Steel Co. v. Prairie Land Mill Wright Servs.*, No. 16-CV-2212, 2022 WL 4132441, at *11 (N.D. Ill. Sept. 12, 2022) (applying *Broadcom* to completely preclude defendant from asserting §§ 102/103 invalidity arguments based on prior art patents and publications following IPR).[5]

Cloudflare also suggested during the meet-and-confer process that it would be prejudiced because the Court's *Markman* process is already complete. This is wrong for two reasons. First, Cloudflare argued in its IPR petition that claims 17 and 18 should be given their plain and ordinary meaning (Ex. 6 at 11-14), a contention both Sable and the PTAB agreed with (Ex. 7 at 12), and which Sable agrees with for this proceeding as well. Cloudflare also identified function and structure for each of the means plus function claim terms at issue in claims 37 and 38, as well as the prior dependent and independent claims that claims 37 and 38 depend from. Ex. 7 at 9-11. Again, Sable agrees with Cloudflare's position taken in its IPR petition.

---

[5] IPR estoppel also undermines any assertion by Cloudflare that it may be prejudiced because it also narrowed its prior art references relied on for invalidity purposes.

Second, while Cloudflare previously argued at the *Markman* stage that certain terms from the '593 Patent's independent claims were indefinite, any such arguments can also be raised at the summary judgment stage. *See Corel*, 2018 WL 5792323, at *3 (granting motion to amend final contentions where the defendant's "ability to defend against the proposed new claims will not be hampered.")

Third, substituting dependent claims 17, 18, 37, and 38 will not interject new theories into the case. To the contrary, and beyond the fact that these claims were previously asserted, because these four claims are dependent claims, substituting these claims in for the currently asserted independent claims will actually narrow the scope of Sable's existing claims. *Boston Sci.*, No. 1:17-cv-03448-JRS, Dkt. 449 at *10 (granting motion to amend where the new claims would not "interject an entirely new claim into the case").

## II.    Even Under This Court's Standard for Amending Final Contentions, Sable Should be Permitted to Substitute and Re-Assert the Four '593 Claims

As discussed above, this motion appears to present an issue of first impression in this District: whether Sable may amend its ***preliminary*** infringement contentions to substitute in and re-assert claims dropped pursuant to a Court's narrowing requirements in light of after-occurring IPR proceedings. But even applying the standard that this Court has employed when seeking to amend *final* infringement contentions, Sable should still be permitted to substitute in claims 17, 18, 37, and 38.

In assessing whether leave to amend final contentions should be granted, courts consider: (1) explanation for failure to meet the deadline; (2) importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) availability of a continuance to cure such prejudice. *Epistar Corp. v. Lowe's Companies Inc.*, No. 6:20-cv-00420-ADA, Dkt. 67, at *3 (W.D. Tex. Aug. 4, 2021) (slip op.) (Ex. 14) (citing

*Georgetown Rail Equip. Co. v. Holland L.P.*, No. 6:13-cv-366-JDL, 2014 U.S. Dist. LEXIS 198784, at *7 (5th Cir. Oct. 7, 2014). Each of these factors supports granting Sable's motion.

First, as explained above, Sable has not missed a final contentions deadline as that deadline is not until December 9. Dkt. 157. Moreover, even if this factor were to be considered a "diligence" factor, Sable diligently brought this motion following the issuance of the PTAB's final written decision. Sable asked Cloudflare whether it would oppose a motion to re-assert the '593 claims on October 21, three days after the PTAB confirmed the patentability of these claims. Ex. 9. And Sable raised this issue nearly two months before the current final contentions deadline. Dkt. 157.

Second, and as described above, the '593 claims present unique liability and damages issues, where the claims are drawn to different subject matter as compared to the '431 and '919 Patents, and where the '593 patent has significant life beyond the '431 and '919 Patents, thus extending the damages period of this case. *See* § I.B, *supra*. Even more, depriving Sable of the right to re-assert the '593 claims would deprive Sable of its due process rights regarding the '593 Patent. *Id.*

Third, as again explained above, Cloudflare would not be prejudiced by re-assertion of claims 17, 18, 37, and 38. *See* § I.C, *supra*. Finally, if any prejudice does exist, ample time remains to cure such prejudice, as the parties are still in the midst of fact discovery, and Cloudflare's claim construction arguments raised during the IPR demonstrate that any additional constructions are unnecessary.

Accordingly, even if the Court were to apply the standard for deciding motions to amend ***final*** infringement contentions, Sable should still be granted leave to re-assert claims 17, 18, 37, and 38 of the '593 Patent. *Corel Software*, 2018 WL 5792323, at *2 (granting leave to amend to

add new claims that were not previously asserted against the defendant, and after final

infringement contentions had already been served, after IPR concluded).

## <u>CONCLUSION</u>

For the reasons, Sable respectfully requests that this Court grant Sable leave to amend its

preliminary infringement contentions to substitute in and reassert claims 17, 18, 37, and 38 of the

'593 Patent.

Dated:  November 4, 2022                          **ROBINS KAPLAN LLP**


By:  */s/* Daniel P. Hipskind
Elizabeth L. DeRieux
TX Bar No. 05770585
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: 903-236-9800
Facsimile: 903-236-8787
E-mail: ederieux@capshawlaw.com

Christopher K. Larus (MN SB No. 0226828)
(admitted *pro hac vice*)
John K. Harting (MN SB No. 0392234)
(admitted *pro hac vice*)
Jessica L. Gutierrez (MN SB No. 0396359)
(admitted *pro hac vice*)
Austin B. Miller (MN SB No. 0399340)
(admitted *pro hac vice*)
Spencer R. Davis-VanNess (MN SB No. 0402894)
(admitted *pro hac vice*)
ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Telephone: (612)349-8500
Facsimile: (612) 339-4181

Dorian S. Berger (CA SB No. 264424)
Daniel P. Hipskind (CA SB No. 266763)
BERGER & HIPSKIND LLP
9538 Brighton Way, Suite 320
Beverly Hills, California 90210
Telephone: 323-886-3430
Facsimile: 323-978-5508
E-mail: dsb@bergerhipskind.com
E-mail: dph@bergerhipskind.com

*Attorneys for Sable Networks, Inc. and Sable IP, LLC*

**Certificate of Conference**

I hereby certify that on October 31, 2022, I met and conferred with counsel for

Cloudflare (including Chris Bovenkamp, Esq.) by telephone in a good-faith attempt to resolve

the matter by agreement, and was advised that Cloudflare opposes the relief request herein.

*/s/ John K. Harting*
John K. Harting

**Certificate of Service**

I hereby certify that on November 4, 2022, I caused a true and correct copy of the foregoing document, Sable's Motion for Leave to Amend Preliminary Infringement Contentions, to be served via email on counsel of record.


Dated: November 4, 2022                              _/s/ John K. Harting_
                                                     John K. Harting