NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

In re: **CLOUDFLARE, INC.,**
*Petitioner*

2022-167

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:21-cv-00261-ADA-DTG, Judge Alan D. Albright.

**ON PETITION AND MOTION**

Before DYK, REYNA, and TARANTO, *Circuit Judges.*

REYNA, *Circuit Judge.*

# O R D E R

Cloudflare, Inc. petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to transfer this patent infringement case to the United States District Court for the Northern District of California. Sable Networks, Inc. and Sable IP, LLC (collectively, "Sable") oppose the petition.

Sable filed the present action against Cloudflare alleging infringement of patents associated with routers managing computer network data flows. Cloudflare moved pursuant to 28 U.S.C. § 1404(a) to transfer the action to the

Case 6:21-cv-02167-ADA Document 23 Page 2 Filed 11/18/2022 Page 2 of 4

2                                                    IN RE: CLOUDFLARE, INC.

Northern District of California, where Cloudflare maintains its principal place of business. In support of its motion, Cloudflare relied on a declaration from its Director of Product, Mr. Rustam Lalkaka, which identified only one employee who worked from Cloudflare's offices within the Western District of Texas in Austin as having relevant knowledge concerning the accused products.*

The district court, adopting the recommendation of the magistrate judge, denied Cloudflare's motion. The court began by finding Mr. Lalkaka lacked credibility and admitted to not investigating facts relevant to Cloudflare's Austin office. Appx4. The court then analyzed the traditional factors bearing on a § 1404(a) motion. It concluded that Cloudflare had failed to demonstrate the Northern District of California was clearly more convenient. Appx26. In reaching that conclusion, the court determined that numerous Cloudflare employees in Austin have relevant information that was not disclosed in Mr. Lalkaka's declaration, Appx12–13; that Cloudflare employees in Austin helped research, test, and market the accused products, Appx13, 25; that physical documentary evidence is located in both forums, Appx7; that potential electronic evidence is being stored outside both districts and accessible from Cloudflare's offices in both districts, *id.*; and that, while the compulsory process factor favored transfer, that factor was entitled to less weight because Cloudflare had failed to offer evidence or an adequate explanation as to why many of the potential witnesses have relevant information, Appx11.

On mandamus review of a § 1404(a) decision, we apply regional circuit law, here the United States Court of Appeals for the Fifth Circuit, where our review is limited to determining whether the denial of transfer was such a

---

\* While Mr. Lalkaka's declaration stated that this employee was planning on moving to London, it is undisputed that the employee no longer plans on moving.

IN RE: CLOUDFLARE, INC.  3

"'clear' abuse of discretion" that refusing transfer would produce a "patently erroneous result," *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008), (citation omitted). Under Fifth Circuit law, we will deny mandamus unless "the facts and circumstances are without any basis for a judgment of discretion." *In re Volkswagen of Am, Inc.*, 545 F.3d 304, 312 n.7 (5th Cir. 2008) (en banc) (citation omitted). Cloudflare has not met that standard with its petition.

We see no clear abuse of discretion in the court's denial of transfer. The district court explained that the Western District of Texas, a district in which Cloudflare itself stated that its employees helped research, design, develop, implement, test, and market the accused products, had a localized interest and would be convenient for potential sources of proof and party witnesses. The court further explained that Mr. Lalkaka, who Cloudflare relied on in identifying which of its employees are potential witnesses, had failed to adequately investigate the responsibilities and duties of its employees in Austin, admitted that he did not look into whether there are engineers in Austin that worked on the accused products, and had been unable to explain what criteria he used to determine how certain employees, largely residing in the transferee forum, were subject matter experts, while other employees in Austin were not. Appx13–14. Mindful of the standard of review, we are not prepared to disturb these findings, which plausibly support the conclusion that Cloudflare failed to show that the transferee forum was clearly more convenient.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

November 18, 2022                   /s/ Peter R. Marksteiner
         Date                       Peter R. Marksteiner
                                    Clerk of Court