IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Sable Networks, Inc. and Sable IP, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> Cloudflare, Inc., <br><br> Defendant. | Civil Action No. <br> 6:21-cv-00261-ADA <br><br> JURY TRIAL DEMANDED |

## JOINT MOTION TO AMEND SCHEDULING ORDER

Plaintiffs Sable Networks, Inc. and Sable IP, LLC, (collectively "Sable") and Defendant Cloudflare, Inc. ("Cloudflare") respectfully request that the Court enter an amended scheduling order. The parties have met and conferred on multiple occasions, however, as noted below, the parties remain in disagreement as to their specific requested amended schedules.

**Sable's Position:**

As Sable indicated to the Court at the end of the October 3, 2022, *Markman* hearing, an amended scheduling order is necessitated by Cloudflare's continued delays in producing relevant discovery. This case was originally set of for trial in January 2023, with fact discovery closing in July 2022. Dkt. 41. While the parties later agreed to amend the schedule to allow for additional discovery to take place after the Court was able to conduct its *Markman* hearing and provide a ruling on the disputed terms, even under that proposed schedule discovery would have closed in January 2023, and trial would take place in June 2023. Dkt. 106.

1

Yet in the past three months alone, Cloudflare has made 12 document productions spanning 12,096 pages of documents, as well as supplementing its source code production on multiple occasions, including in response to a Court order compelling said supplementation. Dkt. 150. Cloudflare has made six productions in the past month alone. This is in addition to the prior motions to compel that Sable had to file in response to Cloudflare's repeated refusals to produce relevant discovery (*see, e.g.* Dkts. 113, 150) as well as numerous motions Sable drafted and sent to Cloudflare, only in response to which Cloudflare ultimately produced the requested discovery.

In fact, Cloudflare's latest code production was delayed by over a month following the Court ordering its production, thus compelling both the Court to set a further deadline for compliance and Sable to move the deadline for final infringement and validity contentions. Dkt. 157. Multiple additional disputes regarding the sufficiency of Cloudflare's code production also remain pending. All the while, Cloudflare has sought to pause these proceedings multiple times—delaying the schedule even further—while its twice-rejected motion to transfer was pending before the Federal Circuit. Dkts. 125, 140, 141.

Sable seeks to amend the schedule to alleviate the prejudice caused by Cloudflare's delayed productions. Cloudflare, on the other hand, wishes to extend the schedule even more by scheduling trial for almost one full year after the originally assigned date. On a recent meet and confer, counsel for Cloudflare explained that the additional time is needed primarily because (1) Cloudflare's motion to strike (Dkt. 145) remains pending and (2) Sable is seeking to substitute four claims in for the '593 patent whose patentability was confirmed by the PTAB, in exchange for the three currently asserted claims (Dkt. 158). As to the first purported issue, Sable explained in its opposition brief that the Court has already denied an earlier version of Cloudflare's motion

to strike and compel (Dkt. 151) and should do the same here. Dkt. 152. Thus, that motion should have no impact on the schedule.

As to Sable's motion to substitute claims from the '593 patent that survived IPR, Sable explained to Cloudflare that, if the Court were to grant that motion, Sable would agree to Cloudflare's proposed schedule. Sable stands by its offer, but it was rejected by Cloudflare. Otherwise, Cloudflare has not set forth any compelling reasons whatsoever to extend the case schedule as long as it proposes, and Sable respectfully requests that the Court enter Sable's proposed schedule.

**Cloudflare's Position:**

The parties agree that the Court should extend the current schedule. The only real issue is whether the Court should extend the trial date about a month and a half (Sable's position) or about four and a half months (Cloudflare's position), as the parties can presumably agree on the interim dates once the trial date is established.

Cloudflare's proposed extension is reasonable because Sable has yet to proffer any coherent infringement theory for any Cloudflare product, and because Sable now seeks to expand the case (after *Markman* and substantial fact discovery) to include both additional products and additional patent claims.[1] Given this, it is impossible to know the scope of the case at present, and Cloudflare's proposal provides sufficient time for the Court to rule on the pending motions and the parties to conduct the remaining portions of this case in a reasonable fashion.

---

[1] Cloudflare's position on these issues is set forth in its Motion to Strike and Compel regarding Plaintiffs' Second Amended and Supplemental Preliminary Infringement Contentions (*see* Dkt. 145, 155) and in its Response in Opposition to Sable's Motion for Leave to Amend Preliminary Infringement Contentions (Dkt. 161).

Sable acknowledges that, if its pending motion to re-assert claims is granted, then Cloudflare's proposed schedule would be appropriate. But Sable's proposed schedule is not reasonable because even if the Court denies Sable's motion to re-assert claims, there is not sufficient time in the case schedule in view of Sable's current deficient infringement contentions and its attempt to substantially expand the list of accused products, both of which are the subject of pending briefing.

Sable's above-statement is inaccurate in a number of respects, including the following:

- Sable points to Cloudflare's recent document productions, but Sable fails to appreciate that these documents were produced in response to recently served Sable requests for production and/or interrogatories; many of the productions only include a handful of documents; and, in total, "12,096 pages of documents" fit in about 3 boxes.

- Sable relies on "prior motions to compel" in "Dkts. 113, 150," but Sable fails to note that its Dkt. 113 motion was <u>denied</u> with respect to Sable's request for relief, and Dkt. 150 only addressed Cloudflare's "Stream" products, not the additional products Sable now also seeks to add to the case.

- Sable refers to "numerous motions Sable drafted and sent to Cloudflare, only in response to which Cloudflare ultimately produced the requested discovery," but in fact Sable provided only <u>one</u> draft e-mail dispute statement to Cloudflare regarding certain documents—which Sable invited Cloudflare to moot by production (and Cloudflare did so to avoid burdening the Court).

- Sable also wrongly claims that "Cloudflare's latest code production was delayed by over a month following the Court ordering its production, thus compelling

both the Court to set a further deadline for compliance and Sable to move the deadline for final infringement and validity contentions. Dkt. 157." But the only relevant Order is the Court's Dkt. 150 Order, which required production of source code as to "Stream" products by October 7, 2022—and Cloudflare made that code available October 7, 2022. Cloudflare has not thereafter produced further "Stream" code, and the Court has not ordered Cloudflare to make any other code available. The Court did not "set a further deadline for compliance" as Sable wrongly asserts (Sable does not cite any such docket entry, because there is none). There is also no basis for Sable's assertion of a month delay by Cloudflare, especially where Sable did not review Cloudflare's code produced October 7, 2022 until a month later, i.e., on November 7, 2022.

- Sable asserts that "[m]ultiple additional disputes regarding the sufficiency of Cloudflare's code production also remain pending," but Sable fails to note that Sable's current "disputes" center on the additional products it now improperly and belatedly seeks to add to the litigation (not the originally accused products or "Stream" products).

- Finally, Sable asserts that the Court "already denied an earlier version of Cloudflare's motion to strike and compel (Dkt. 151)"—but, in fact, the Order at issue is Dkt. 150, which reflects that the Court denied Cloudflare's e-mail dispute statements <u>without</u> prejudice to refiling as formal motion(s) to strike/compel (and Cloudflare did so, Dkt. 145, and that motion is pending).

In any event, Sable's list of purported complaints and disputes serves to demonstrate the reasonableness of Cloudflare's proposed case schedule, as the parties continue to work through various case issues. The Court should therefore enter Cloudflare's proposed schedule.

Dated: November 29, 2022               Respectfully submitted,

/s/ *John K. Harting*
Elizabeth L. DeRieux
TX Bar No. 05770585
**CAPSHAW DERIEUX, LLP**
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: 903-236-9800
Facsimile: 903-236-8787
E-mail: ederieux@capshawlaw.com

Christopher K. Larus (MN SB No. 0226828)
(admitted *pro hac vice*)
John K. Harting (MN SB No. 0392234)
(admitted *pro hac vice*)
Jessica L. Gutierrez (MN SB No. 0396359)
(admitted *pro hac vice*)
Austin B. Miller (MN SB No. 0399340)
(admitted *pro hac vice*)
Spencer R. Davis-VanNess (MN SB No. 0402894) (admitted *pro hac vice*)
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

Dorian S. Berger (CA SB No. 264424)
Daniel P. Hipskind (CA SB No. 266763)
**BERGER & HIPSKIND LLP**
9538 Brighton Way, Suite 320
Beverly Hills, California 90210
Telephone: 323-886-3430
Facsimile: 323-978-5508
E-mail: dsb@bergerhipskind.com
E-mail: dph@bergerhipskind.com

*Counsel for Plaintiffs Sable Networks, Inc. and Sable IP, LLC*

/s/ *Steven Callahan*
STEVEN CALLAHAN
Texas State Bar No. 24053122
scallahan@ccrglaw.com
CHRISTOPHER T. BOVENKAMP
Texas State Bar No. 24006877
cbovenkamp@ccrglaw.com
ANTHONY M. GARZA
Texas State Bar No. 24050644
agarza@ccrglaw.com
C. LUKE NELSON
Texas State Bar No. 24051107
lnelson@ccrglaw.com
JOHN HEUTON
jhueton@ccrglaw.com
**CHARHON CALLAHAN ROBSON & GARZA, PLLC**
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Telephone: (214) 521-6400
Telecopier: (214) 764-8392

*Counsel for Defendant Cloudflare, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 29, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

/s/ *John K. Harting*