**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| SABLE NETWORKS, INC. AND SABLE IP, LLC,<br><br>*Plaintiffs,*<br><br>v.<br><br>CLOUDFLARE, INC.,<br><br>*Defendant.* | **Civil Action No. 6:21-cv-00261-ADA**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS SABLE NETWORKS, INC. AND SABLE IP, LLC'S ANSWER TO THE FIRST AMENDED COUNTERCLAIMS OF DEFENDANT CLOUDFLARE, INC.**

Plaintiffs Sable Networks, Inc. and Sable IP, LLC (collectively, "Sable"), by and through its undersigned counsel, hereby submits their Answer to the First Amended Counterclaims of Defendant Cloudflare, Inc. ("Cloudflare"), in numbered paragraph order corresponding to the numbered paragraphs of Cloudflare's amended counterclaims against Sable ("the Amended Counterclaims").

172. Paragraph 172 of the Amended Counterclaims does not contain any allegation against Sable and therefore does not require a response.

**PARTIES**

173. Admitted.

174. Admitted.

175. Admitted.

## JURISDICTION AND VENUE

176. Sable admits that the Amended Counterclaims arise under the Patent Act, 35 U.S.C. § 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* Sable denies that Cloudflare is entitled to any relief sought in the Amended Counterclaims.

177. Sable admits that the Court has subject-matter jurisdiction over this action. Sable denies that Cloudflare is entitled to any relief sought in the Amended Counterclaims.

178. Sable admits that the Court has personal jurisdiction over Sable.

179. Sable admits that venue is proper in this Court.

## FACTS

180. Sable admits that in its First Amended Complaint it asserts infringement of U.S. Patent No. 6,954,431 (the '431 patent"), U.S. Patent No. 7,012,919 (the "'919 patent") and U.S. Patent No. 8,243,593 (the "'593 Patent"). Prior to filing Sable's First Amended Complaint, Sable proposed to Cloudflare that the parties file a joint motion to dismiss the '593 patent without prejudice in light of Sable's prior narrowing of the asserted claims from the '593 patent and the Court's order denying Sable's motion to amend its '593 infringement contentions to re-assert previously dropped claims. Dkt. 168 (Order denying motion to amend). On January 20, 2023, Cloudflare informed Sable that it would not agree to Sable's proposed joint motion. As such, the '593 patent remains asserted in Sable's First Amended Complaint. Sable anticipates filing an opposed motion to dismiss its claim for infringement of the '593 patent without prejudice, and denies Cloudflare's allegations elsewhere in its Amended Answer that Sable has "abandoned" the '593 patent.

181. Sable admits that Paragraph 26 of Sable's Complaint[1] states: "The '431 patent discloses novel methods and systems for managing data traffic comprising a plurality of micro-flows through a network." Except as expressly admitted herein, Sable denies the allegations contained in Paragraph 181 of the Amended Counterclaims.

182. Sable admits that Paragraph 73 of Sable's Complaint states: "Cloudflare designs, makes, sells, offers to sell, imports, and/or uses Cloudflare Gen 6 Edge Servers, Gen 7 Edge Servers, Gen 8 Edge Servers, Gen 9 Edge Servers, and Gen 10 Edge Servers incorporating eXpress Data Path (XDP) / eBPF (extended Berkeley Packet Filter) packet processing, socket filtering, and rate limiting functionality (collectively, the "Cloudflare '431 Products(s)")." Sable denies that Paragraph 182 of the Amended Counterclaims properly defines the Cloudflare products accused of infringing the '431 patent.

183. Sable admits that Paragraph 82 of Sable's Complaint states: "Cloudflare has directly infringed and continues to directly infringe the '431 patent by, among other things, making, using, offering for sale, and/or selling technology for managing data traffic comprising a plurality of micro-flows through a network, including but not limited to the Cloudflare '431 Products." Sable further admits that Sable's Complaint asserts that Cloudflare infringes the '431 patent. Except as expressly admitted herein, Sable denies the allegations contained in Paragraph 183 of the Amended Counterclaims.

184. Denied.

---

[1] Unless stated otherwise, reference to the "Complaint" herein and all paragraph numbering identified by Cloudflare is in reference to Sable's Complaint for Patent Infringement, filed on March 15, 2021 (Dkt. No. 1). On the same day Cloudflare filed its Amended Counterclaims, Sable filed its First Amended Complaint (Dkt. No. 176), which is the operative complaint in this litigation. To the extent there is a discrepancy in paragraph numbering between Sable's Complaint for Patent Infringement and its First Amended Complaint, paragraph numbering recited herein is only with respect to Sable's Complaint for Patent Infringement (Dkt. No. 1).

185. Sable admits that Paragraph 37 of Sable's Complaint states: "The '932 patent discloses novel methods and apparatuses for utilizing a router capable of network tunneling utilizing flow state information." Except as expressly admitted herein, Sable denies the allegations contained in Paragraph 185 of the Amended Counterclaims.

186. Admitted. Sable admits that Paragraph 93 of Sable's Complaint states: "Cloudflare designs, makes, sells, offers to sell, imports, and/or uses Cloudflare Magic Transit (the "Cloudflare '932 Product(s)")". The '932 patent, however, is no longer asserted in this case.

187. Sable admits that Paragraph 104 of Sable's Complaint states: "By making, using, testing, offering for sale, and/or selling products utilizing flow state information to perform a method of network tunneling, including but not limited to the Cloudflare '932 Products, Cloudflare has injured Plaintiffs and is liable to Plaintiffs for directly infringing one or more claims of the '932 patent, including at least claim 1 pursuant to 35 U.S.C. § 271(a)." Except as expressly admitted herein, Sable denies the allegations contained in Paragraph 187 of the Amended Counterclaims. The '932 patent is no longer asserted in this case.

188. Denied. The '932 patent is no longer asserted in this case.

189. Sable admits that Paragraph 48 of Sable's Complaint states: "The '919 patent claims specific methods and systems for providing aggregate micro-flows." Except as expressly admitted herein, Sable denies the allegations contained in Paragraph 189 of the Amended Counterclaims.

190. Sable admits that Paragraph 113 of Sable's Complaint states: "Cloudflare designs, makes, sells, offers to sell, imports, and/or uses Cloudflare Gen 6 Edge Servers, Gen 7 Edge Servers, Gen 8 Edge Servers, Gen 9 Edge Servers, and Gen 10 Edge Servers including functionality for transmitting a data flow over a network connection (collectively, the "Cloudflare

’919 Products(s)”).” Sable denies that Paragraph 190 of the Amended Counterclaims properly defines the Cloudflare products accused of infringing the ’919 patent.

191. Sable admits that Paragraph 123 of Sable’s Complaint states: “Cloudflare has directly infringed and continues to directly infringe the ’919 patent by, among other things, making, using, offering for sale, and/or selling technology for providing an aggregate micro-flow, including but not limited to the Cloudflare ’919 Products.” Sable further admits that Sable’s Complaint asserts that Cloudflare infringes the ’919 patent. Except as expressly admitted herein, Sable denies the allegations contained in Paragraph 191 of the Amended Counterclaims.

192. Denied.

193. Sable admits that Paragraph 61 of Sable’s Complaint states: “The ’593 patent discloses novel methods and systems for processing a flow of a series of information packets.” Except as expressly admitted herein, Sable denies the allegations contained in Paragraph 193 of the Amended Counterclaims.

194. Sable admits that Paragraph 133 of Sable’s Complaint states: “Cloudflare designs, makes, sells, offers to sell, imports, and/or uses CloudFlare DDoS Protection, including Cloudflare Gatebot functionality, eXpress Data Path (XDP) / eBPF (extended Berkeley Packet Filter) packet processing, and flowtrackd functionality (collectively, the “Cloudflare ’593 Product(s)”).” Sable denies that Paragraph 194 of the Amended Counterclaims properly defines the Cloudflare products accused of infringing the ’593 patent.

195. Sable admits that Paragraph 144 of Sable’s Complaint states: “By making, using, testing, offering for sale, and/or selling products and services for processing a flow of a series of information packets, including but not limited to the Cloudflare ’593 Products, Cloudflare has injured Plaintiffs and is liable for directly infringing one or more claims of the ’593 patent,

including at least claim 5, pursuant to 35 U.S.C. § 271(a).” Sable further admits that Sable’s Complaint asserts that Cloudflare infringes the ’593 patent. Except as expressly admitted herein, Sable denies the allegations contained in Paragraph 195 of the Amended Counterclaims.

196. Denied.

197. Paragraph 197 of the Amended Counterclaims does not contain any allegation against Sable and therefore does not require a response. Otherwise, denied.

198. Denied.

199. Denied.

**COUNT I**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF PATENTS-IN-SUIT)**

200. Sable incorporates its responses to paragraphs 172-199 as if fully set forth herein.

201. Sable admits that the Amended Counterclaims present an action for declaratory judgment of non-infringement of any and all valid and enforceable claims of the patents-in-suit. Sable denies that Cloudflare is entitled to any such declaratory judgment.

202. Admitted.

203. Denied.

204. Sable admits that Cloudflare requests a judicial determination and declaration of the respective rights and duties of the parties. Sable denies that such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

205. Sable denies that this is an exceptional case entitling Cloudflare to an award of its attorneys’ fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**COUNT II**
**(DECLARATORY JUDGMENT OF INVALIDTY OF PATENTS-IN-SUIT)**

206. Sable incorporates its responses to paragraphs 172-205 as if fully set forth herein.

207. Sable admits that the Amended Counterclaims present an action for declaratory judgment of invalidity of any and all claims of the patents-in-suit. Sable denies that Cloudflare is entitled to any such declaratory judgment.

208. Denied.

209. Sable admits that Cloudflare requests a judicial determination and declaration of the respective rights and duties of the parties. Sable denies that such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

210. Sable denies that this is an exceptional case entitling Cloudflare to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**COUNT III**
**(DECLARATORY JUDGMENT OF UNENFORCEABILITY)**

211. Sable incorporates its responses to paragraphs 172-210 as if fully set forth herein and denies the allegations of paragraph 211 of the Amended Counterclaims.

212. Sable admits that the Amended Counterclaims present an action for declaratory judgment of unenforceability. Sable denies that Cloudflare is entitled to any such declaratory judgment.

213. Sable denies that this is an exceptional case entitling Cloudflare to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**JURY DEMAND (COUNTERCLAIMS)**

214. Paragraph 214 of the Amended Counterclaims does not contain any allegation against Sable and therefore does not require a response.

## GENERAL DENIAL

Sable denies that Cloudflare is entitled to judgment, or any such other relief, from the Court or from Sable. By way of further answer, Sable denies all other allegations contained in the Amended Counterclaims that are not otherwise expressly admitted herein.

## DEMAND FOR JURY TRIAL

Sable demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Sable prays that this Court will:

A. Dismiss Cloudflare's counterclaims against Sable with prejudice;

B. Hold that Cloudflare is not entitled to any relief, whether in law, equity, or otherwise, on its counterclaims against Sable;

C. Declare that Cloudflare has infringed and does infringe one or more claims of the patents-in-suit;

D. Declare that the claims of the patents-in-suit are valid and enforceable;

E. Award Sable any other relief, in law and in equity, to which the Court finds Sable is justly entitled.

Dated: February 3, 2023

Respectfully submitted,

*/s/ John K. Harting*

Elizabeth L. DeRieux
TX Bar No. 05770585
**CAPSHAW DERIEUX LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Tel: (903) 236-9800
Fax: (903) 236-8787
E-mail: ederieux@capshawlaw.com
Christopher K. Larus (MN 0226828)

(admitted *pro hac vice*)
John K. Harting (MN SB No. 0392234)
(admitted *pro hac vice*)
Jessica L. Gutierrez (MN SB No. 0396359)
(admitted *pro hac vice*)
Austin B. Miller (MN SB No. 0399340)
(admitted *pro hac vice*)
Spencer R. Davis-VanNess (MN SB No. 0402894) (admitted *pro hac vice*)
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Tel: (612) 349-8500
Fax: (612) 339-4181

Dorian S. Berger (CA SB No. 264424)
Daniel P. Hipskind (CA SB No. 266763)
**BERGER & HIPSKIND LLP**
9538 Brighton Way, Suite 320
Beverly Hills, California 90210
Tel: (323) 886-3430
Facsimile: 323-978-5508
E-mail: dsb@bergerhipskind.com
E-mail: dph@bergerhipskind.com

*Counsel for Plaintiffs Sable Networks, Inc. and Sable IP, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 3, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ John K. Harting*
John K. Harting