IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Sable Networks, Inc. and<br>Sable IP, LLC,<br><br>       Plaintiffs,<br><br>v.<br><br>Cloudflare, Inc.,<br><br>       Defendant. | Civil Action No.<br>6:21-cv-00261-ADA-DTG<br><br>JURY TRIAL DEMANDED |

**SABLE'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE, TESTIMONY, OR ARGUMENT CONTRADICTING CLOUDFLARE'S *ARCTIC CAT* ADMISSION THAT CLOUDFLARE BELIEVES THE IDENTIFIED PRODUCTS ARE <u>"PATENTED ARTICLES" AND PRACTICE THE PATENTS</u>**

Plaintiffs Sable Networks, Inc. and Sable IP, LLC (collectively "Sable") move to exclude Defendant Cloudflare, Inc. ("Cloudflare") should be precluded from offering evidence, testimony, or argument contradicting Magistrate Judge Gilliland's Order finding that Cloudflare's purported *Arctic Cat* notice (Dkt. 67) was "an admission that Cloudflare believes the products are 'patented articles' and practice the patents." Dkt. 179.

Cloudflare previously brought a motion to compel seeking further interrogatory responses from Sable regarding Sable's marking efforts. Ex. 13. Cloudflare's motion was based on its alleged compliance with the burden-shifting requirements laid out by the Federal Circuit in *Arctic Cat Inc. v. Bombardier*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). *Id.* Sable opposed Cloudflare's motion on the grounds that Cloudflare's notice failed to set forth Cloudflare's "belief" that the products identified practice the Asserted Patents as required under *Arctic Cat*. *Id.* In response, the Court affirmatively held that Cloudflare's notice was in fact "an admission that Cloudflare believes the identified products are 'patented articles' and practice the patents." Dkt. 179 at 1. Cloudflare did not contest or otherwise appeal this ruling. Likewise, Sable relied upon the Court's ruling, supplemented its interrogatory responses as directed, and given Cloudflare's admission that it believes the products identified in Cloudflare's notice practice the Asserted Patents, agreed not seek to recover pre-suit damages on the '431 Patent. Dkt. 239 at 12.

Despite the clear holding of Magistrate Judge Gilliland's Order, Cloudflare refused to sign a stipulation intended to avoid burdening the Court with this exact dispute. Ex. 14; Ex. 15 at 1. That stipulation would have expressly confirmed Judge Gilliland's finding that Cloudflare had provided "an admission that Cloudflare believes the identified products are 'patented articles' and practice the patents." *Id.* Cloudflare's motion for partial summary judgment briefing also attempted to avoid Magistrate Judge Gilliland's clear holding regarding Cloudflare's

1

admission, and argued that "Cloudflare disagrees with Sable's argument about Cloudflare's *Arctic Cat* notice and the Court's related order," alleging that "is an issue for another day." Dkt. 265 at 1-2. That day is now.

Cloudflare is judicially estopped from walking its admission back. *See Fisher v. Blue Cross Blue Shield of Texas*, No. 10-cv-2652, 2017 WL 447202, at *5 (N.D. Tex. Feb. 1, 2017) (holding that "[j]udicial estoppel forecloses [moving party's] later position that is inconsistent with their prior position and relied upon by the magistrate judge"). The Court clearly held that Cloudflare's notice was "***an admission that Cloudflare believes the products are 'patented articles' and practice the patents***." Dkt. 179-1 (emphasis added). The Court relied on Cloudflare's position to order Sable to supplement its interrogatory responses, which Sable did. Sable also gave up its right to seek pre-suit damages on the '431 Patent based on Cloudflare's admission. Having reaped the benefits of its position in discovery, Cloudflare is judicially estopped from withdrawing that position for trial.

Sable respectfully requests the Court issue an Order *in limine* precluding Cloudflare from offering evidence, testimony, or argument contradicting this Court's holding that Cloudflare's *Arctic Cat* notice (Dkt. 67) was "an admission that Cloudflare believes the products are 'patented articles' and practice the patents." Dkt. 179.

| | |
|---|---|
| Date: September 21, 2023 | s/ *John K. Harting* |
| | Elizabeth L. DeRieux |
| | TX Bar No. 05770585 |
| | CAPSHAW DERIEUX, LLP |
| | 114 E. Commerce Ave. |
| | Gladewater, Texas 75647 |
| | Telephone: 903-236-9800 |
| | Facsimile: 903-236-8787 |
| | E-mail: ederieux@capshawlaw.com |
| | |
| | Christopher K. Larus (MN SB No. 0226828) |
| | (admitted *pro hac vice*) |
| | John K. Harting (MN SB No. 0392234) |
| | (admitted *pro hac vice*) |
| | Bryan J. Mechell (MN SB No. 0389151) |
| | (admitted *pro hac vice*) |
| | Jessica L. Gutierrez (MN SB No. 0396359) |
| | (admitted *pro hac vice*) |
| | Rajin S. Olson (MN SB No. 0398489) |
| | (admitted *pro hac vice*) |
| | Nicole R. Olson (MN SB No. 0402774) |
| | (admitted *pro hac vice*) |
| | ROBINS KAPLAN LLP |
| | 800 LaSalle Avenue, Suite 2800 |
| | Minneapolis, Minnesota 55402 |
| | Telephone: (612)349-8500 |
| | Facsimile: (612) 339-4181 |
| | |
| | Dorian S. Berger (CA SB No. 264424) |
| | Daniel P. Hipskind (CA SB No. 266763) |
| | BERGER & HIPSKIND LLP |
| | 9538 Brighton Way, Suite 320 |
| | Beverly Hills, California 90210 |
| | Telephone: 323-886-3430 |
| | Facsimile: 323-978-5508 |
| | E-mail: dsb@bergerhipskind.com |
| | E-mail: dph@bergerhipskind.com |
| | |
| | *Attorneys for Sable Networks, Inc. and Sable IP, LLC* |

**Certificate of Service**

I hereby certify that on September 21, 2023, I caused a true and correct copy of the foregoing document, Sable's Motion *in Limine* No. 4 to Exclude Evidence, Testimony, or Argument Contradicting Cloudflare's *Arctic Cat* Admission that Cloudflare Believes the Identified Products Are "Patented Articles" and Practice the Patents, to be served via email on counsel of record.

Dated: September 21, 2023                    */s/ John K. Harting*
                                                                                         John K. Harting